■ Alex Telsey et al., Respondents, v County of Nassau et al., Appellants. [655 NYS2d 88] —In an action to recover damages for medical malpractice, the defendant County of Nassau and the defendants Gerard Levi, Bernard Polatsch, Lawrence Tydings, and Levi, Polatsch & Tydings, M.D., P. C., separately appeal from an order of the Supreme Court, Nassau County (Collins, J.), dated January 29, 1996, which granted the plaintiffs' motion, in effect, for renewal and, upon renewal, vacated its original determination made in an order of the same court, dated October 20, 1995, denying the plaintiffs' motion for leave to serve an amended bill of particulars, and granted the plaintiffs' motion.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

Under the circumstances of this case, we conclude that the court did not improvidently exercise its discretion in granting the plaintiffs' motion, in effect, for leave to renew (*see, Friedman v U-Haul Truck Rental*, 216 AD2d 266; *Canzoneri v Wigand Corp.*, 168 AD2d 593).

In the absence of a showing of prejudice, this Court should not interfere with the court's discretion in granting leave to amend a bill of particulars (*see, Koch v St. Francis Hosp.*, 112 AD2d 142). Where the plaintiff seeks to allege new injuries in a medical malpractice case, the papers in support of the motion to amend the bill of particulars must contain "a medical affidavit showing a causal connection between the alleged injury and the original injuries sustained" (*Simino v St. Mary's Hosp.*, 107 AD2d 800, 801). Here, the original bill of particulars asserted that the alleged medical malpractice resulted in the infant plaintiff's premature birth. The medical affidavit submitted by the plaintiffs in support of their renewed motion for leave to serve an amended bill of particulars asserted that the permanent neurological deficits alleged in the amended bill of particulars were attributable to the infant plaintiff's premature birth. Further, there was evidence in the record that the neurological deficits were not conclusively diagnosed until 1993 or 1994. As the court noted in its decision, "the prime plaintiff is an infant who cannot speak for himself, both due to infancy and other deficits". To avert any prejudice, the court authorized additional discovery. Under all the circumstances, it cannot be said that the court improvidently exercised its discretion in granting leave to serve an amended bill of particulars. Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.