■ Keiko Ito et al., Respondents, v 324 East 9th Street Corp., Appellant, and Legend Valve et al., Respondents. [857 NYS2d 578]—

Motions for reargument are addressed to the sound discretion of the court which decided the original motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision (*see E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653, 654 [2007]; *Carrillo v PM Realty Group,* 16 AD3d 611 [2005]; *Viola v City of New York,* 13 AD3d 439, 440 [2004]). Contrary to the contention of the appellant 324 East 9th Street Corp., the Supreme Court providently exercised its discretion in granting leave to reargue to the plaintiffs, as it misapprehended several facts, applied the wrong standard on a cross motion for leave to amend the bill of particulars, and incorrectly concluded that prejudice would result were leave granted.

Leave to amend a bill of particulars is ordinarily freely given in the absence of prejudice or surprise (*see Grande v Peteroy,* 39 AD3d 590, 591 [2007]; *Dalrymple v Koka,* 295 AD2d 469, 469-470 [2002]). Here, there was no evidence that granting the plaintiffs leave to amend the bill of particulars to add a new theory of liability would prejudice or otherwise surprise the appellant. In fact, even on the new theory, the appellant contended that it had tendered sufficient evidence to warrant granting summary judgment in its favor (*see Cherebin v Empress Ambulance Serv., Inc.,* 43 AD3d 364, 365 [2007]). In the absence of prejudice or surprise, any delay was insufficient to defeat the amendment (*see id.*). Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiffs leave to amend the bill of particulars (*see Telsey v County of Nassau,* 237 AD2d 428, 429 [1997]; *Becker v City of New York,* 106 AD2d 595, 597 [1984]; *cf. Cherebin v Empress Ambulance Serv., Inc.,* 43 AD3d at 365).

Contrary to the appellant's contention, it failed to satisfy its prima facie burden of establishing its entitlement to judgment

as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The failure to make such a showing required the denial of the motion regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

The parties' remaining contentions are without merit. Mastro, J.P., Rivera, Spolzino and Dickerson, JJ., concur.