■ MARIA ALVARADO et al., Respondents, v BETH ISRAEL MEDICAL CENTER et al., Appellants. [911 NYS2d 174]—

In an action to recover damages for medical malpractice, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated September 11, 2009, as denied their motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for leave to amend their bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 14, 1999, the plaintiff Maria Alvarado (hereinafter the plaintiff) underwent a procedure to remove gallstones at the defendant Beth Israel Medical Center (hereinafter the hospital). The procedure was performed by several doctors, including Dr. Andrew Lo, an employee of the hospital. After a bile duct leak was discovered, the plaintiff underwent a second procedure at the hospital on September 17, 1999, which was performed by Dr. Seth Cohen, an independent contractor who is no longer a party to this action (see *Alvarado v Beth Israel Med. Ctr.*, 60 AD3d 981 [2009]). A third procedure was performed by

Dr. Lo on the same day, following the procedure performed by Dr. Cohen.

In 2002, the plaintiff and her husband, suing derivatively (hereinafter together the plaintiffs) commenced this action against, among others, Dr. Lo and the hospital, alleging, among other things, that the defendants had committed malpractice by perforating the plaintiff's intestine during the September 14, 1999, procedure, and failing to timely diagnose and treat this perforation. In November 2008 the defendants moved for summary judgment dismissing the complaint, presenting evidence that the perforation of the plaintiff's intestine did not occur during the September 14, 1999, procedure, but occurred during the September 17, 1999, procedure performed by Dr. Cohen. The plaintiffs cross-moved for leave to amend their bill of particulars to add new theories of malpractice, including an allegation that the defendants committed malpractice by failing to remove the entire gallbladder on September 14, 1999, which created an increased risk of a bile duct leak, creating the necessity for the first September 17, 1999, surgery, and an allegation that Dr. Lo performed an unnecessary and/or improper subsequent surgery on September 17, 1999. The Supreme Court denied the defendants' motion and granted the plaintiffs' cross motion. We affirm.

Contrary to the defendants' contention, the Supreme Court did not improvidently exercise its discretion in granting the plaintiffs' cross motion for leave to amend their bill of particulars. Leave to amend a bill of particulars is ordinarily freely given in the absence of prejudice or surprise, unless the amendment is sought on the eve of trial (*see Grande v Peteroy*, 39 AD3d 590, 591 [2007]; *Ciminello v Sullivan*, 65 AD3d 1002, 1003 [2009]; *Ito v 324 E. 9th St. Corp.*, 49 AD3d 816, 817 [2008]). The medical information which serves as the basis for the new allegations has been freely available to the defendants since the time of discovery (*see Adams v Jamaica Hosp.*, 258 AD2d 604 [1999]) and, in fact, the defendants' expert had addressed the new allegations in his reply affirmation (*see Ito v 324 E. 9th St. Corp.*, 49 AD3d at 817). Moreover, to avoid any possible prejudice, the Supreme Court vacated the note of issue in order to permit the defendants further discovery (*see Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365 [2007]; *Grande v Peteroy*, 39 AD3d at 591).

The Supreme Court also properly denied the defendants' motion for summary judgment dismissing the complaint. In light of the amendment to the bill of particulars, in opposition to the defendants' prima facie showing of entitlement to judgment as

a matter of law on the issue of whether any departure on the part of Dr. Lo, as opposed to Dr. Cohen, was the proximate cause of the plaintiff's injuries, the plaintiffs raised a triable issue of fact as to Dr. Lo (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

While the defendants made a prima facie showing that the hospital was not vicariously liable for any possible malpractice committed by Dr. Cohen by establishing that he was an independent contractor and not a hospital employee, the plaintiffs raised a triable issue of fact as to whether the hospital should be held vicariously liable for any alleged malpractice of Dr. Cohen under a theory of apparent or ostensible agency (*see Sampson v Contillo*, 55 AD3d 588, 590-591 [2008]; *Sosnoff v Jackman*, 45 AD3d 568, 571 [2007]; *Dragotta v Southampton Hosp.*, 39 AD3d 697, 699 [2007]). Furthermore, contrary to the defendants' contention, they failed to make a prima facie showing that the perforation that allegedly occurred during the procedure performed by Dr. Cohen was not a deviation from the standard of care (*see Fotiou v Goodman*, 74 AD3d 1140 [2010]). Skelos, J.P., Dickerson, Eng and Lott, JJ., concur.