■ Nicholas Martino et al., Respondents, v John A. Bendo, M.D., Appellant. [940 NYS2d 253]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 3, 2011, which, insofar as appealed from, denied the motion of defendant orthopedic surgeon for summary judgment dismissing the first and third causes action alleging medical malpractice and loss of consortium, and granted plaintiffs' cross motion to amend the bill of particulars, unanimously affirmed, without costs. Order, same court and Justice, entered June 14, 2011, which, upon renewal, adhered to its original determination, unanimously affirmed, without costs.

The motion court exercised its discretion in a provident manner in granting plaintiffs' cross motion to amend the bill of particulars (*see* CPLR 3025; *Alvarado v Beth Israel Med. Ctr.*, 78 AD3d 873 [2010]). Although the motion was made after the note of issue was filed and a new theory of liability will generally not be considered if asserted for the first time in response to a motion for summary judgment (*see Abalola v Flower Hosp.*, 44 AD3d 522 [2007]), here, the amended allegations did not amount to new theories of liability. Rather, plaintiffs expounded upon the allegations asserted in the complaint and first supplemental bill of particulars, namely, that the spinal fusion procedure performed by defendant in 2004 was contraindicated.

We note defendant declined the court's offer to have his expert submit a supplemental medical opinion in response to the opinion proffered by plaintiffs' expert, and defendant did not request additional discovery in the action. Furthermore defendant did not demonstrate how he was prejudiced by the delay (*see Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364 [2007]).

While plaintiffs' expert, a board certified orthopedic surgeon who specialized in joint replacements, was not a specialist in spinal surgery, the court properly found him qualified to render an opinion as to whether defendant had deviated from accepted medical practice in performing the surgical procedure (*see Fuller v Preis*, 35 NY2d 425, 431 [1974]; *Farkas v Saary*, 191 AD2d 178, 181 [1993]). Plaintiffs' expert had training in spinal surgery, had practiced as an orthopedic surgeon for 30 years, and his findings were found to be detailed, based upon the evidence, and not challenged by defendant.

In view of the amended allegations and based upon the opinions of plaintiffs' expert, plaintiffs raised triable issues of fact warranting the denial of defendant's motion for summary judgment (*see Alvarado* at 874-875; *compare Katechis v Our Lady of Mercy Med. Ctr.*, 36 AD3d 514 [2007]).

We have considered defendant's remaining arguments and

find them unavailing. Concur—Mazzarelli, J.P., Friedman, Richter and Abdus-Salaam, JJ. [**Prior Case History: 2010 NY Slip Op 33546(U).**]