■ EFFIE MEYERS, Appellant, v GENEVIEVE M. TARULLI et al., Respondents. [60 NYS3d 78]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Green, J.), dated March 12, 2015, which denied her cross motion for leave to amend the bill of particulars to allege that the subject accident exacerbated her preexisting injuries, granted the defendants' cross motion for summary judgment dismissing the complaint on the ground

that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and denied, as academic, her motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and substituting therefor a provision denying that cross motion; as so modified, the order is affirmed, with costs payable to the plaintiff, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith.

The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the bill of particulars to allege a claim that the subject accident exacerbated her preexisting injuries. The plaintiff had previously entered into a stipulation with the defendants to withdraw that claim (*see McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *see generally* CPLR 3025 [b]; *Alvarado v Beth Israel Med. Ctr.*, 78 AD3d 873, 874 [2010]).

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claims, set forth in the bill of particulars, that she sustained serious injuries to the cervical and lumbar regions of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d), and that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Staff v Yshua*, 59 AD3d 614 [2009]; *cf. Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Therefore, the Supreme Court should have denied the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did

not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

In light of our determination, we remit the matter to the Supreme Court, Richmond County, to determine the merits of the plaintiff's motion for summary judgment on the issue of liability (see *Alvarez v Dematas*, 65 AD3d 598 [2009]). Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.