Tardif v Hauppauge Off. Park Assoc., LLC (2020 NY Slip Op 03558)





Tardif v Hauppauge Off. Park Assoc., LLC


2020 NY Slip Op 03558


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2017-04142
 (Index No. 22883/12)

[*1]John Tardif, et al., respondents, 
v
Hauppauge Office Park Associates, LLC, et al., appellants, et al., defendants.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (John A. Hsu, Gregory I. Freedman, and Lindsay J. Kalick of counsel), for appellants.
Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY (Kenneth A. Auerbach and Linda Marie Boswell of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Hauppauge Office Park Associates, LLC, and Colin Development, LLC, appeal from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), entered March 9, 2017. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was for leave to reargue their opposition to that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, which had been granted in an order of the same court entered March 8, 2016, and, upon reargument, in effect, vacated that portion of the order entered March 8, 2016, and thereupon, denied that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order entered March 9, 2017, is affirmed insofar as appealed from, with costs.
On January 6, 2011, the plaintiff John Tardif (hereinafter the injured plaintiff), an employee of nonparty Amica Insurance Company, was working in his cubicle office when an unsecured five-drawer metal file cabinet fell on him. Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries the injured plaintiff allegedly sustained as a result of the accident against, among others, the defendants Hauppauge Office Park Associates, LLC, and Colin Development, LLC (hereinafter together the Hauppauge defendants), the owner and property manager, respectively, of the office building where the accident occurred. By order entered March 8, 2016, the Supreme Court, inter alia, granted that branch of the motion of the Hauppauge defendants which was for summary judgment dismissing the complaint insofar as asserted against them. Thereafter, the plaintiffs moved, among other things, for leave to reargue their opposition to that branch of the Hauppauge defendants' motion. By order entered March 9, 2017, the court, inter alia, granted that branch of the plaintiffs' motion which was for leave to reargue, and upon reargument, denied that branch of the Hauppauge defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The Hauppauge defendants appeal.
" Motions for reargument are addressed to the sound discretion of the court which decided the original motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision'" (Bueno v Allam, 170 AD3d 939, 940, quoting Ito v 324 E. 9th St. Corp., 49 AD3d 816, 817; see CPLR 2221[d][2]).
An out-of-possession landlord and its agent are generally not responsible for injuries that occur on the subject premises unless the landlord has retained control over the premises and is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct (see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534; Irizarry v Felice Realty Corp., 157 AD3d 874). Further, even where a defendant is considered an out-of-possession landlord who assumed the obligation to make repairs to its property, it cannot be held liable for injuries caused by a defective condition at the property unless it either created the condition or had actual or constructive notice of it (see Gordon v American Museum of Natural History, 67 NY2d 836; Amster v Kromer, 157 AD3d 922). Here, the Hauppauge defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. Their submissions failed to eliminate all triable issues of fact as to their status as an out-of-possession landlord, as well as whether they had actual or constructive notice of the allegedly defective unsecured file cabinet that fell on the injured plaintiff at the premises (see Washington-Fraser v Industrial Home for the Blind, 164 AD3d 543; Irizarry v Felice Realty Corp., 157 AD3d at 875). Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiffs' motion which was for leave to reargue and, upon reargument, to deny that branch of the Hauppauge defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegard v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court