■ ANGELA WASSERMAN, as Administratrix of the ESTATE OF WARREN WASSERMAN, Deceased, Appellant, v A.V. CARELLA, M.D., Defendant, and STEPHEN J. RINGEL, M.D., P.C., Respondent. [762 NYS2d 382] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered October 12, 2001, which, to the extent appealed from, as limited by the briefs, granted defendant Stephen J. Ringel, M.D., P.C.'s motion for summary judgment dismissing plaintiff's complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated as to Dr. Ringel.

In this medical malpractice action, plaintiff's decedent (to be referred to herein as plaintiff), an individual with a lifelong history of insulin-dependent diabetes, sustained a right heel fracture while at work. Plaintiff maintains that as the result of defendant's negligent treatment, he sustained serious personal injuries including, inter alia, diabetic gangrene of the second right toe, requiring amputation, and a subsequent amputation of the right leg below the knee. In his verified bill of particulars, plaintiff asserted that defendant was negligent in failing to timely diagnose the heel fracture; in failing to cast the fractured foot; in advising plaintiff to walk a four-point gait and to use crutches when, in fact, plaintiff should have been restricted in his mobility; in failing to timely order a bone scan; in failing to recognize the complications caused by such a fracture which arose out of plaintiff's diabetic condition, of which defendant was aware; and in failing to adhere to accepted and approved standards for the care and surgical treatment of a person in plaintiff's condition.

Defendant subsequently moved for summary judgment, in support of which he submitted, inter alia, copies of plaintiff's medical records and the affidavit of his expert, Dr. Habermann. In opposition, plaintiff submitted, inter alia, the notarized affidavit of his expert, whose name and signature were redacted. The motion court granted defendant's motion and found that defendant sustained his burden of proof and established a prima facie case for summary judgment in his favor. The court also found that the affidavit of plaintiff's expert was insufficient in two respects: that it was unsigned and, therefore, inadmissible; and that, in any event, it failed to raise a mate-

rial issue of fact. We disagree to the extent that we find defendant failed to sustain his initial burden and, accordingly, reverse.

The proponent of a motion for summary judgment has the burden of tendering sufficient evidence to demonstrate that there are no material issues of fact in dispute and that he/she is entitled to judgment as a matter of law in the first instance (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Jacques v Richal Enters.*, 300 AD2d 45, 46 [2002]; *New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co.*, 295 AD2d 583 [2002]). The failure to make such a prima facie showing requires the denial of the motion, and renders the sufficiency of plaintiff's opposition immaterial (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Rosario v Humphreys & Harding*, 301 AD2d 406 [2003]; *Masucci v Feder*, 196 AD2d 416, 419 [1993]).

"In a medical malpractice action, a plaintiff, in opposition to a defendant physician's summary judgment motion, must submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician that he was not negligent in treating plaintiff so as to demonstrate the existence of a triable issue of fact" (*Alvarez v Prospect Hosp., supra* at 324; *Margolese v Uribe*, 238 AD2d 164, 166 [1997]; *Masucci v Feder, supra* at 419-420).

In this matter, we find Dr. Habermann's affidavit, which can be described as sparse at best, to be wholly conclusory as it fails to address, in its three substantive paragraphs, even the most basic allegations contained in plaintiff's bill of particulars. Dr. Habermann fails to explain why surgical intervention or the use of a cast were not viable alternatives; merely states that the use of crutches was appropriate, with no elaboration; fails to address plaintiff's assertion that crutches were, in fact, contraindicated; and, most glaringly, does not explain what "treated the fracture" means, i.e., what defendant did and why. With regard to proximate cause, Dr. Habermann opines that "the treatment [whatever it consisted of] * * * in no way caused or contributed to the injuries allegedly sustained," although Dr. Habermann does not explain how plaintiff's gangrenous infection was diagnosed elsewhere just 17 days after he was under defendant's care.

Bare conclusory denials of negligence without any factual relationship to the alleged injuries, and the submission of the affidavit of a medical expert which fails to address the essential factual allegations set forth in the complaint, are insufficient to establish that defendant is entitled to summary judgment

(*Cicolello v Limb,* 216 AD2d 434 [1995]; *Muscatello v City of New York,* 215 AD2d 463, 464 [1995]). Since defendant has failed to shoulder his burden on this motion, summary judgment should have been denied regardless of the sufficiency of plaintiff's opposition. Concur—Nardelli, J.P., Sullivan, Rosenberger and Gonzalez, JJ.