■ PHYLLIS CHEREBIN, Appellant, v EMPRESS AMBULANCE SERVICE, INC., Respondent. [841 NYS2d 277]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 8, 2007, which denied plaintiff's motion to amend her bill of particulars, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, and the matter remanded for further proceedings including further discovery, if necessary.

As the result of an automobile accident on July 21, 2003, plaintiff allegedly suffered neurological injuries from hypoxia, leaving her with severe impairment of her cognitive, speech and memory capabilities. Plaintiff commenced this medical malpractice action in May 2004 and sought leave to amend her bill of particulars in June 2006. Leave was sought to plead an additional theory of negligence, i.e., that defendant failed to use the proper oxygenation device, a bag valve mask, during the period when plaintiff was trapped in the vehicle and was removed

to the ambulance. This theory of the case allegedly came to light in late May 2006, approximately three to four weeks after the note of issue was filed, when plaintiff's expert paramedic received and reviewed all of the treating physicians' depositions and other relevant records and transcripts.

Leave to amend pleadings, including a bill of particulars, is to be freely given, absent prejudice or surprise (*see* CPLR 3025 [b]; *Sahdala v New York City Health & Hosps. Corp.*, 251 AD2d 70 [1998]). Where there is "extended delay in moving to amend, an affidavit of reasonable excuse for the delay in making the motion and an affidavit of merit should be submitted in support of the motion" (*Volpe v Good Samaritan Hosp.*, 213 AD2d 398, 398-399 [1995]). "In the absence of prejudice, mere delay is insufficient to defeat the amendment" (*Sheppard v Blitman/ Atlas Bldg. Corp.*, 288 AD2d 33, 34 [2001]). Prejudice requires "some indication that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position" (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]).

The motion court improvidently exercised its discretion in denying the motion. While plaintiff's excuse for the delay could have been more compelling, the delay itself was short (three years after the alleged malpractice, two years after filing the original bill of particulars and prior to setting a trial date) compared with other cases where leave to amend has been denied (*see e.g. Vega v Lenox Hill Hosp.*, 235 AD2d 302 [1997] [10 years after alleged malpractice, eight years after original bill of particulars served]; *Baby Togs v Faleck & Margolies*, 239 AD2d 278 [1997] [leave sought on eve of trial, nearly seven years after original bill of particulars filed]), and the court never addressed the critical issue of defendant's failure to demonstrate meaningful prejudice by the delay. Defendant's allegations that plaintiff's new theory of liability is a surprising, substantial departure from that indicated by the original bill of particulars and will require further discovery are inapt. The amendment is based upon defendant's records and the depositions of its employees, which have been readily available to defendant since at least the time of the motion, and indicate that no treatment was rendered to plaintiff while trapped in the vehicle. Moreover, the record on appeal does not indicate that any nonparty personnel from the Yonkers Police and Fire Departments provided treatment to plaintiff. However, defendant should be allowed further, reasonable discovery on the new theory (*see Abdelnabi v New York City Tr. Auth.*, 273 AD2d 114 [2000]). Concur—Andrias, J.P., Saxe, Williams, Gonzalez and Kavanagh, JJ.