■ Victoria David, Respondent, v Philip Martin Hutchinson, D.O., et al., Defendants, and Daniel Cerbone, M.D., Appellant. [980 NYS2d 38]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered March 20, 2013, which, insofar as appealed from, denied defendant Daniel Cerbone, M.D.'s cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the cross motion granted, and the amended complaint dismissed as against defendant Daniel Cerbone, M.D. The Clerk is directed to enter judgment accordingly.

In this action for medical malpractice, plaintiff alleges, inter alia, that defendant Cerbone, an emergency room (ER) attending, and Dr. Philip Martin Hutchinson, a surgeon, failed to properly treat and diagnose plaintiff's decedent during a January 18, 2003 ER visit at defendant St. Barnabas Hospital, leading to her death on February 9, 2004, more than one year later. At the time of her visit to the ER, Dr. Cerbone was concerned that decedent, who had undergone gallbladder removal surgery 11 days earlier and was complaining of pain at the operative site and abdomen, may have been suffering from a postoperative infection. Accordingly, he, inter alia, requested a surgical consultation which was provided by defendant Dr. Hutchinson. Dr. Cerbone, agreed with the diagnosis or impression, reached by Dr. Hutchinson, of Clostridium difficile infection and decedent was treated with intravenous fluids and an antibiotic. She was discharged later that day in stable condition, after her abdominal complaints had resolved.

On January 22, 2003, decedent presented to Our Lady of Mercy Medical Center, where she was found to have two large liver abscesses and right pleural effusion. On January 27, the abscesses were drained and the condition was noted to have been resolved as of the time of her discharge on February 13, 2003. Thereafter, decedent suffered from a series of complications, leading to repeated hospitalizations and nursing home stays, and developed, inter alia, a MRSA infection secondary to decubitus ulcers. On February 9, 2004, decedent died in a nursing home.

Dr. Cerbone made a prima facie showing of entitlement to judgment as a matter of law by submitting and/or relying upon, among other things, his expert affirmation, the opinions of other

defense experts, and decedent's medical records. Significantly, Dr. Cerbone's expert opined that imaging studies were not indicated given the absence of a fever, significant abdominal tenderness, rebound, and guarding, and that there was no reason to suspect a liver abscess or admit decedent after she remained stable (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). Additionally, one of the defense experts opined that the treatment rendered at St. Barnabas was not causally related to decedent's death, as her liver abscesses had long resolved by the time of her death and the conditions she subsequently developed were unrelated to the abscesses.

In opposition, plaintiff failed to raise a triable issue of fact. Her surgical expert did not address any of the contraindications as to the severity or nature of decedent's illness upon presentment to the ER, which, as indicated above, included a lack of fever, lack of significant abdominal tenderness, guarding or rebound tenderness, the fact that the surgical site was found to be clean and healing nicely, and that decedent was noted to be stable and comfortable for hours prior to discharge (*see Limmer v Rosenfeld*, 92 AD3d 609, 609-610 [1st Dept 2012]; *Abalola v Flower Hosp.*, 44 AD3d 522, 522 [1st Dept 2007]).

Moreover, rather than identify any basis to suspect the presence of liver abscesses, plaintiff's expert maintained that testing for a postoperative infection would have led to the discovery of the abscesses. However, the failure to investigate a condition that would have led to an incidental discovery of an unindicated condition, does not constitute malpractice (*see Curry v Dr. Elena Vezza Physician, P.C.*, 106 AD3d 413, 413 [1st Dept 2013]; *Rivera v Greenstein*, 79 AD3d 564, 568 [1st Dept 2010]). Additionally, plaintiff's expert failed to causally relate the alleged four-day delay in diagnosis and treatment of the postoperative infection and/or liver abscesses to decedent's death (*see Mortensen v Memorial Hosp.*, 105 AD2d 151 [1st Dept 1984]). Concur—Mazzarelli, J.P., Acosta, Saxe and Moskowitz, JJ.