■ Patricia Carnovali et al., Respondents, v Geoffrey Sher et al., Appellants. [995 NYS2d 15]—

Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered February 11, 2014, which, insofar as appealed from as limited by the briefs, denied so much of defendants' motion for summary judgment as sought dismissal of the failure to diagnose claim, unanimously affirmed, without costs.

In this action for medical malpractice, plaintiffs allege, among other things, that defendants failed to diagnose a cancerous mass in plaintiff Patricia Carnovali's pelvis while she was undergoing IVF procedures under their care, despite their knowledge that plaintiff had a history of cancer.

Defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law. The conclusory opinion of their medical expert failed to adequately address plaintiff's allegations that defendants did not properly diagnose her cancer and that their malpractice proximately caused her injuries (see Wasserman v Carella, 307 AD2d 225, 226 [1st Dept 2003]). Thus, the burden never shifted to plaintiffs to raise an issue of fact (see id. at 227).

In any event, plaintiffs raised an issue of fact by the submission of their gynecological oncologist's opinion. Plaintiffs' expert's redacted affirmation was acceptable, as the original was provided to the court (see Grad v Hafliger, 68 AD3d 543, 544 [1st Dept 2009]). Further, the expert rendered a nonconclusory opinion, based on evidence in the record, that a transvaginal ultrasound would have been, and was, more accurate in detecting cancer (see Roques v Noble, 73 AD3d 204, 207 [1st Dept 2010]). The expert's opinion that plaintiff's cancer could have been discovered earlier, while under defendants' care, was not speculative, since the expert opined that low-grade endometrial sarcoma, the type of cancer diagnosed in plaintiff, tends to grow slowly (see Hayden v Gordon, 91 AD3d 819, 821 [2d Dept 2012]). The experts' competing opinions on causation and the progression of the disease present an issue of fact for a jury to decide (see Polanco v Reed, 105 AD3d 438, 441 [1st Dept 2013]). Concur—Gonzalez, P.J., Mazzarelli, Andrias, DeGrasse and Clark, JJ.