■ AIDA ORTIZ et al., Appellants, v CITY OF NEW YORK et al., Respondents. [12 NYS3d 70]—

Judgment, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered July 2, 2014, dismissing the complaint as against defendant Jack D. Weiler Hospital of the Albert Einstein College of Medicine, a division of Montefiore Medical Center (hereinafter Montefiore), unanimously affirmed, without costs. Order, same court and Justice, entered March 14, 2014, which granted defendants' motions for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, as to defendant City, and the City's motion denied, and the appeal therefrom otherwise dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.

The motion court properly considered plaintiffs' out-of-state expert affirmation; although the expert's name was redacted from the affirmation served on defense counsel, the original was provided to the court (see Carnovali v Sher, 121 AD3d 552 [1st Dept 2014]). Moreover, the expert swore to the contents of the affirmation before a notary public.

Defendant City established prima facie that its paramedics, who plaintiffs allege mishandled plaintiff Aida Ortiz while attempting to aid her, did not depart from the appropriate standard of care; its expert affirmation asserted that the paramedics were required to make bodily contact with Aida in order to assist her properly. The expert further stated that Aida's shoulder injuries were caused by her seizures, which involved convulsions and twisting.

In opposition, plaintiffs raised an issue of fact by submitting their daughters' testimony describing the "rough manner" in which the paramedics aided their mother, and their expert's opinion that, while a seizure could cause the trauma Aida sustained, Aida's movements as described by her daughters did not rise to the level of violent arm flailing that could cause shoulder dislocations and fractures.

Defendant Montefiore demonstrated, through its expert, that Aida sustained a grand mal seizure, that the wrist restraints it used were necessary, since sedatives were no longer effective, and that, in any event, there was no evidence that the wrist restraints contributed to Aida's shoulder injuries. In opposition, plaintiffs failed to raise an issue of fact. Their expert offered only conclusory opinions as to Montefiore's departure from care and failed to explain how a wrist restraint could have caused or contributed to Aida's shoulder injuries (see Kristal R. v Nichter, 115 AD3d 409, 412 [1st Dept 2014]). Concur—Mazzarelli, J.P., Sweeny, Acosta, Clark and Kapnick, JJ.