■ SHATEEMA S. FARRIS, as Executor of FRANCES HILTON, Deceased, Appellant, v HEIDI DUPRET, Respondent, et al., Defendants. (And Other Third-Party Actions.) [29 NYS3d 366]—

Judgment, Supreme Court, Bronx County (Stanley Green, J.), entered on or about April 16, 2004, dismissing the complaint as against defendant Heidi Dupret, unanimously affirmed, without costs. Notice of appeal from order, same court and Justice, entered on or about April 8, 2004, which granted Dupret's motion for summary judgment, and denied plaintiff's motion to direct Dupret to accept her amended bill of particulars, deemed timely notice of appeal from the judgment (CPLR 5520 [c]).

Plaintiff's decedent was referred to defendant by another

physician, who, following the decedent's complaints of irregular menses, had performed an endometrial biopsy but had been unable to obtain a sufficient cell sample for testing. Although the decedent was referred for a surgical biopsy via dilation and curettage (D&C), defendant decided to try to obtain a sample non-surgically. She succeeded in obtaining a sample of sufficient size for testing, and the sample was found to be negative for cancer.

In opposition to defendant's prima facie showing, via three expert affirmations, that the testing she did to rule out cancer was appropriate and did not deviate from the applicable standard of care, plaintiff failed to raise an issue of fact since she submitted only conclusory assertions and speculation by experts, such as her gynecological expert's claim that had defendant obtained the sample cells via D&C, rather than collecting them cervically, she would have found endometrial cancer (*see Coronel v New York City Health & Hosps. Corp.*, 47 AD3d 456 [1st Dept 2008]; *Rodriguez v Montefiore Med. Ctr.*, 28 AD3d 357 [1st Dept 2006]). Moreover, the gynecological expert conceded that an endometrial biopsy is an appropriate diagnostic procedure in cases of suspected endometrial cancer, and plaintiff's expert pathologist did not deny that the sample obtained by defendant was adequate. That the decedent's fibroids made collecting a sample difficult, as the expert gynecologist said, is irrevelant in light of defendant's success in collecting a sufficient sample size.

Nor is malpractice established by defendant's alleged failure to pursue a more aggressive course in treating plaintiff's anemia, by performing blood work and ultimately a D&C, which would have led to the incidental discovery of plaintiff's cancer at an earlier time (assuming the cancer was present at that time) (*see David v Hutchinson*, 114 AD3d 412 [1st Dept 2014]; *Melendez v Parkchester Med. Servs., P.C.*, 76 AD3d 927, 928-929 [1st Dept 2010]).

Plaintiff's motion to direct defendant to accept her amended bill of particulars, which added a new theory of the case, was inappropriately asserted for the first time in opposition to defendant's motion (*see Abalola v Flower Hosp.*, 44 AD3d 522 [1st Dept 2007]), and is, in any event, without merit.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Saxe, Gische and Kahn, JJ.