Hinson v Anderson (2018 NY Slip Op 01577)





Hinson v Anderson


2018 NY Slip Op 01577


Decided on March 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2018

Friedman, J.P., Andrias, Singh, Moulton, JJ.


5967 306730/10

[*1]Tyrone Hinson, etc., Plaintiff-Appellant,
v
Patrick Anderson, M.D., et al., Defendants-Respondents, Richard Duncalf, M.D., et al., Defendants.


Meagher & Meagher, P.C., White Plains (Merryl F. Weiner of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Christopher Simone of counsel), for Patrick Anderson, respondent.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for Bronx Lebanon Hospital Center, respondent.



Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 19 2016, which granted defendants Patrick Anderson, M.D.'s and Bronx Lebanon Hospital Center's motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants established prima facie, through expert affirmations, that they did not depart from the accepted standard of medical care in treating plaintiff's decedent and that, contrary to the theory of a failed diagnosis set forth in plaintiff's bill of particulars, the cause of death was not a pulmonary embolism (see Scalisi v Oberlander, 96 AD3d 106, 120 [1st Dept 2012]). In opposition, plaintiff did not address defendants' prima facie showing. Instead, he presented a new theory of liability through an expert affirmation opining that the decedent's cardiac arrest resulted from an undiagnosed ileus (intestinal blockage). Contrary to plaintiff's contention, this theory was not encompassed in his pleadings, and therefore its assertion cannot defeat summary judgment (Biondi v Behrman, 149 AD3d 562 [1st Dept 2017], lv dismissed in part, denied in part 30 NY3d 1012 [2017]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 13, 2018
CLERK