Rotante v New York Presbyt. Hospital- N.Y. Weill Cornell Med. Ctr. (2019 NY Slip Op 06457)





Rotante v New York Presbyt. Hospital- N.Y. Weill Cornell Med. Ctr.


2019 NY Slip Op 06457


Decided on September 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 10, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


9649 308437/10

[*1]Donna Rotante, etc., Plaintiff-Appellant,
v
New York Presbyterian Hospital- New York Weill Cornell Medical Center, Defendant-Respondent, Chaim Charytan, M.D., et al., Defendants.


Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellant.
Heidel, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for respondent.



Order, Supreme Court, Bronx County (Lewis J. Lubell, J.), entered on or about July 16, 2018, which granted defendant New York Presbyterian Hospital-New York Weill Cornell Medical Center's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
In this wrongful death action, plaintiff alleges that defendant's medical personnel failed to properly treat and diagnose the decedent during an emergency department (ED) visit at defendant hospital, leading to his death three days later. At the time of decedent's visit, a laboratory facility (not affiliated with defendant) had failed to inform him that as of five days prior, he had tested positive for Methicillin Sensitive Staphylococcus Aureus (MSSA), a bacterial staph infection. Although decedent had low blood pressure when presenting, he was coherent, did not need assistance in walking, and was able to play with his child in the waiting room. After 90 minutes, the decedent was re-assessed by a triage nurse. Fifteen minutes thereafter, he lost consciousness and went into cardiac arrest, but the attending physician and resident were able to resuscitate him and return his pulse to normal. Thereafter, decedent was transferred to the medical intensive care unit, and, after phoning the decedent's dialysis treatment center, discovered that he was positive for MSSA.
Defendant made a prima facie showing of entitlement to summary judgment by submitting an expert affirmation, the testimony of the attending medical personnel, the testimony of plaintiff, and the decedent's medical records. Defendant's expert opined that, because the decedent displayed he was coherent, could walk without assistance, and denied chest paints, there was no reason for the ED to suspect that he had MSSA and required immediate attention (seeAlvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). The expert also opined based on the medical records and his experience that even if defendant was to have quickly discovered the bacteremia, decedent's cardiac arrest was unavoidable.
Plaintiff failed to defeat defendant's prima facie entitlement to summary judgment by introducing a new theory of liability (see Biondi v Behrman, 149 AD3d 562, 563 [1st Dept 2017], lv dismissed and denied in part 30 NY3d 1012 [2017]). Further, plaintiff's expert failed to address the opinions and conclusions of defendant's expert regarding decedent's condition upon arrival at the ED, which included lack of fever, shortness of breath while sitting, chest pains, and no indication that he was bacteremic (see David v Hutchinson, 114 AD3d 412, 413 [1st Dept 2014]). Further, plaintiff's expert merely speculated that if defendant had timely discovered the life-threatening condition, decedent would have had a 30 percent chance of recovery (see Park v Kovachevich, 116 AD3d 182, 191 [1st Dept 2014], lv denied 23 NY3d 906 [2014]). Moreover, [*2]"the failure to investigate a condition that would have led to an incidental discovery of an unindicated condition, does not constitute malpractice" (David, 114 AD3d at 413 [emphasis added]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 10, 2019
CLERK