Cortez v Terrence Cardinal Cooke Health Ctr. (2021 NY Slip Op 06078)





Cortez v Terrence Cardinal Cooke Health Ctr.


2021 NY Slip Op 06078


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, Scarpulla, JJ. 


Index No. 20485/15E Appeal No. 14580-14580A Case No. 2021-00079, 2021-01228 

[*1]Ernesto Cortez, as Administrator of the Estate of Juana Cortez, Plaintiff-Appellant,
v
Terrence Cardinal Cooke Health Center, Defendant-Respondent.


Bamundo Zwal Schermerhorn & Caffrey, LLP, New York (Ben Bartolotta of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondent.



Order, Supreme Court, Bronx County (LlinÉt M. Rosado, J.), entered on or about July 7, 2020, which granted in part defendant's motion for summary judgment to the extent it dismissed all causes of action other than those claims related to the formation, care, and treatment of decedent's bedsores while in defendant's care, unanimously reversed, on the law, without costs, to deny the motion in its entirety. Order, same court and Justice, entered April 7, 2021, to the extent it granted defendant's cross motion to change venue of this action to New York County, unanimously reversed, on the law and facts, without costs, and the cross motion denied.
The medical record established that plaintiff's decedent was admitted to Terrence Cardinal Cooke Health Center (TCC), a nursing and rehabilitation center, for short-term rehabilitation following a spinal compression fracture. During her three-month admission period at TCC, decedent, among other things, became so malnourished and dehydrated as to develop acute kidney injury. She died approximately three months after being transferred out of TCC. Plaintiff, as administrator of decedent's estate, asserted causes of action based on violation of Public Health Law §§ 2801-d and 2803-c, negligence, and wrongful death.
Defendant subsequently moved for summary judgment, relying on the expert affirmation of Lawrence N. Diamond, M.D., and plaintiff submitted the expert affidavit of Thomas Perls, M.D., in opposition. The court granted defendant's motion in part, dismissing all claims and causes of action, "other than those claims relating to the formation, care and treatment of bedsores," which the court found involved triable issues of fact.
We disagree to the extent that we find that defendant failed to sustain its initial burden in demonstrating entitlement to judgment as a matter of law on plaintiff's other claims. In his expert affirmation, Dr. Diamond denied, in conclusory terms, plaintiff's allegations regarding TCC's negligent care of decedent during her admission period, particularly with respect to her nutrition and hydration. He failed to sufficiently explain the rapid decline of decedent's nutritional levels, which were within normal limits upon her admission to TCC, as well as troubling inconsistencies in her medical record regarding the monitoring of her weight. He did not specify what affirmative steps TCC took to address decedent's continued weight loss and dehydration, or how the resulting kidney damage and related health issues were not a contributing factor to her death three months later. "Bare conclusory denials of negligence without any factual relationship to the alleged injuries, and the submission of the affidavit of a medical expert which fails to address the essential factual allegations set forth in the complaint are insufficient to establish that defendant is entitled to summary judgment" (Wasserman v Carella, 307 AD2d 225, 226 [1st Dept 2003]). Accordingly, summary judgment as to the negligence [*2]and wrongful death claims should have been denied.
Defendant's expert's bare denial of the allegations also failed to establish, prima facie, that TCC did not violate any contract, statute, regulation, code or rule, and that the decedent was not injured by such violation, to warrant dismissal of plaintiff's claims under Public Health Law § 2801-d (see generally Zeides v Hebrew Home for Aged at Riverdale, 300 AD2d 178, 179 [1st Dept 2002]).
Since defendant did not meet its initial burden on its summary judgment motion, there is no need to consider the sufficiency of plaintiff's opposition papers (see Alvarez Prospect Hosp., 68 NY2d 320, 324 [1986]).
The court improvidently exercised its discretion in granting defendant's cross motion for a change of venue to New York County, pursuant to CPLR 501, based on the forum selection clause in the admission agreement signed by decedent. Contrary to defendant's contention, such CPLR 501 motion must still be made "within a reasonable time after commencement of the action" (CPLR 511[a]; see Medina v Gold Crest Care Ctr., Inc., 117 AD3d 633, 634 [1st Dept 2014]; cf. Brown v United Odd Fellow & Rebekah Home, Inc., 184 AD3d 478, 478 [1st Dept 2020]). Here, defendant gave no explanation as to why it waited to seek a change of venue until almost six years after commencement of the litigation, even though TCC was obviously aware of the forum selection clause contained in its own admission agreement from the outset. Accordingly, the cross motion should have been denied.
In light of our determination, we need not address the parties' remaining contentions. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021