Hoffman v Taubel (2022 NY Slip Op 05272)

Hoffman v Taubel

2022 NY Slip Op 05272

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Friedman, Scarpulla, Mendez, JJ. 

Index No. 805302/15 Appeal No. 16285 Case No. 2021-04258 

[*1]Shelleyann Hoffman et al., Plaintiffs-Respondents,
v
Debra Taubel, M.D., et al., Defendants-appellants.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for appellants.
Arnold DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for respondents.

Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about May 4, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff Shellyann Hoffman's cause of action for medical malpractice and plaintiff Olujimi Jolaosho's cause of action for loss of consortium, unanimously affirmed, without costs.
Plaintiffs allege that defendants committed medical malpractice by transecting Hoffman's right ureter during a hysterectomy performed in September 2014. As a result of the alleged malpractice, plaintiffs allege, Hoffman suffers from, among other things, impaired mobility, dysuria, pyuria, kidney disfunction, bladder disfunction, and depression.
In support of their motion, defendants submitted an affidavit from urologist Dr. Toby Chai, who opined that Hoffman's "current urinary issues," and the medical treatment that she had received for "urinary related matters," were unrelated to a ureteral injury; rather, Dr. Chai averred, Hoffman's urinary issues were common signs of stress incontinence. Dr. Chai further opined that Hoffman's injuries were unrelated to the hysterectomy and later procedures that defendants performed, and that her "alleged urinary-related issues" were likely related to other conditions. Further, Dr. Chai averred, urination can be affected by one's mental state, and, thus, "bladder dysfunctional behavior" can occur without any harm actually being caused to the bladder. As for the loss of consortium claim, Dr. Chai opined that it was without merit because ureteral injuries are not related to one's ability to have sex.
Supreme Court properly denied defendants' motion but should have done so on the ground that defendants failed to meet their prima facie burden. First, Dr. Chai failed to address Hoffman's claimed psychological injuries (see Valenti v Camins, 95 AD3d 519, 523 [1st Dept 2012]; Roques v Noble, 73 AD3d 204, 206 [1st Dept 2010]). To the extent that Dr. Chai's affidavit could be read as connecting the "current urinary issues," "urinary related matters," "alleged urinary-related issues," and "bladder dysfunctional behavior" to the specific injuries asserted in plaintiffs' bills of particulars, his opinion was speculative and conclusory (see Carnovali v Sher, 121 AD3d 552, 552 [1st Dept 2014]). In addition, Dr. Chai pointed to no medical records, diagnostic tests, or other objective evidence to support his opinion (see Pino v Behrman, 168 AD3d 467, 468 [1st Dept 2019]).
Moreover, Dr. Chai never actually opined that Hoffman's claimed injuries were not causally related to defendants' alleged malpractice. Rather, he speculated that the injuries constituted "common signs of stress incontinence that can be secondary" to other conditions; that they "are likely related to" other medical conditions; that urination "can be affected by one's mental state, and thus bladder dysfunctional behavior can be impacted without any harm actually being caused [*2]to the bladder." Dr. Chai's opinion was therefore insufficient to establish defendants' prima facie entitlement to summary judgment dismissing Hoffman's medical malpractice claim, as "[t]he issue of whether a doctor's negligence is more likely than not a proximate cause of [a plaintiff's] injury is usually for the jury to decide" (Polanco v Reed, 105 AD3d 438, 439 [1st Dept 2013] [internal quotation marks omitted]).
Dr. Chai also failed to offer objective evidence to support his opinion that "ureteral injuries are not related to one's ability to have sex," and defendants did not establish their prima facie entitlement to summary judgment dismissing Jolaosho's loss of consortium claim (see Pino, 168 AD3d at 468).
Defendants' motion was properly denied without regard to the sufficiency of plaintiffs' papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The burden never shifted to plaintiffs to establish that material issues of fact existed, because defendants' moving papers failed to tender evidence sufficient to eliminate all material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 326 [1986]). Dr. Chai's more detailed affidavit submitted in reply to plaintiffs' opposition cannot be considered in support of defendants' prima facie burden (see Ritt v Lenox Hill Hosp., 182 AD2d 560, 561-562 [1st Dept 1992]; cf. Feliciano v New York City Health & Hosps. Corp., 62 AD3d 537, 538 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022