Vega v Kirschenbaum (2022 NY Slip Op 05624)

Vega v Kirschenbaum

2022 NY Slip Op 05624

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Index No. 21831/17E Appeal No. 16339 Case No. 2021-03014 

[*1]Frank Vega, Plaintiff-Respondent-Appellant,
v
Ira Kirschenbaum, M.D., Defendant, Bronx-Lebanon Hospital Center, Defendant-Appellant-Respondent.

Turken Heath & McCauley LLP, Armonk (Jason D. Turken of counsel), for appellant-respondent.
Sanocki, Newman & Turret, LLP, New York (Joshua Fogel of counsel), for respondent-appellant.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered July 15, 2021, which, to the extent appealed from, denied in part defendant Bronx-Lebanon Hospital Center's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted in its entirety. The Clerk is directed to enter judgment dismissing the complaint.
The court denied defendant summary judgment on the ground that plaintiff's expert affidavit raised issues of fact as to whether defendant deviated from accepted standards of medical care in failing to prescribe physical therapy after a manipulation under anesthesia procedure so as to ensure proper range of motion. The court should not have considered this theory of liability, as it was improperly raised for the first time in opposition to defendant's summary judgment motion (see Biondi v Behrman, 149 AD3d 562, 563-564 [1st Dept 2017], lv dismissed and denied 30 NY3d 1012 [2017]; Atkins v Beth Abraham Health Servs., 133 AD3d 491, 492 [1st Dept 2015]). Furthermore, defendant was not put on notice of such new theory of recovery because it was not pleaded in the complaint and bill of particulars (see Ruchames v New York & Presbyt. Hosp., 176 AD3d 602, 603 [1st Dept 2019]; Ostrov v Rozbruch, 91 AD3d 147, 154 [1st Dept 2012]), or raised as an issue during the deposition of the treating physician (cf. Valenti v Camins, 95 AD3d 519, 522 [1st Dept 2012]).
In view of the foregoing, we need not reach the issue of whether the expert opinion was sufficient to defeat summary judgment. Because the court found plaintiff's opposition papers insufficient aside from this new theory of recovery, defendant's motion should have been granted.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022