Martir v St. Luke's-Roosevelt Hosp. Ctr. (2023 NY Slip Op 04478)

Martir v St. Luke's-Roosevelt Hosp. Ctr.

2023 NY Slip Op 04478

Decided on August 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 31, 2023

Before: Webber, J.P., González, Rodriguez, Pitt-Burke, JJ. 

Index No. 25494/14E Appeal No. 435 Case No. 2022-03400 

[*1]Sandra Martir, as Administrator of the Estate of Margarita Fuentes, deceased,etc., Plaintiff-Appellant,
v
St. Luke's-Roosevelt Hospital Center, Defendant-Respondent, Abdul-Haki Issah, M.D., et al., Defendants.

Pena & Kahn, PLLC, Bronx (Bruce Povman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered June 3, 2022, which, insofar as appealed from as limited by the briefs, granted defendant St. Luke's-Roosevelt Hospital Center's (St. Luke's) motion for summary judgment dismissing the medical malpractice cause of action as against it, except insofar as the cause of action is predicated on alleged negligence related to use of a bed alarm, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff's decedent, then 89 years old, was admitted to St. Luke's in August 2013, with a chief complaint of failure to thrive and an admitting diagnosis of cough. Upon admission, she was assessed as being functionally quadriplegic and designated a high fall risk. The decedent also had an active tuberculosis infection, for which she was placed in an isolation room. In the early morning hours of August 25, 2023, the decedent was found on the floor of her room with a laceration to her head, having fallen from her bed. CT scans later revealed a subdural hematoma. While the hematoma began to decrease in size, the decedent's prognosis from her various ailments became sufficiently poor for palliative care to be started, and the decedent died on September 1, 2013.
Plaintiff commenced this action against defendants, asserting, as relevant to this appeal, a cause of action for medical malpractice against St. Luke's. In her bill of particulars, plaintiff asserted 11 allegations as predicates for the medical malpractice claim: (1) failing to diagnose and treat plaintiffs' decedent's Mycobacterium avium-intracellulare (MAI) infection; (2) failing to properly and timely diagnose cough and MAI infection with atypical features; (3) failing to timely and properly evaluate the decedent's MAI infection; (4) failing to recognize a life-threatening condition; (5) failing to provide adequate and proper supervision and assistive devices to prevent accidents; (6) failing to properly assess for injuries after the decedent fell; (7) failing to provide floor mats; (8) failing to properly institute a care plan after being assessed as a fall risk; (9) leaving the decedent unattended in violation of St. Luke's policies; (10) failing to properly monitor and document the decedent's medical condition; and (11) failing to have sufficient nursing staff to attain or maintain the highest practicable physical, mental, and psychosocial well-being of the decedent.
On its motion, St. Luke's addressed only the fifth, sixth, eighth, ninth, tenth, and eleventh predicates. As to those predicates, St. Luke's failed to make a prima facie showing of entitlement to judgment as a matter of law by establishing the absence of a triable issue of fact as to whether there was a departure from good and accepted standards of medical practice, or whether any departure was the proximate cause of the decedent's injuries (see Ducasse v New York City Health & Hosps. Corp., 148 AD3d 434, 435 [1st Dept 2017]). The expert nurse and [*2]expert neurologist on whose affidavits St. Luke's relied merely averred in a conclusory manner that the decedent could not have been monitored in a way to prevent her fall, that St. Luke's implemented every appropriate fall risk procedure before the decedent's fall, and that the decedent's fall and the resulting subdural hematoma were not substantial factors in causing the decedent's death (see e.g. Hoffman v Taubel, 208 AD3d 1099, 1100 [1st Dept 2022]; Carnovali v Sher, 121 AD3d 552, 552 [1st Dept 2014]). The expert nurse also did not submit the fall risk assessment or hospital fall prevention policy in accordance with which, she claimed, the decedent was monitored (see Hoffman, 208 AD3d at 1100; Pino v Behrman, 168 AD3d 467, 468 [1st Dept 2019]). Because St. Luke's did not carry its prima facie burden on its motion, Supreme Court should have denied defendant's motion with respect to those predicates, regardless of the sufficiency of the moving papers (see Pullman v Silverman, 28 NY3d 1060, 1063 [2016]).
As for the remaining predicates for plaintiffs' medical malpractice claim, St. Luke's did not address them in its moving papers, nor did its experts address them in their affidavits. Accordingly, St. Luke's did not establish its prima facie entitlement to summary judgment dismissing them (see Hoffman, 208 AD3d at 1100; Roques v Noble, 73 AD3d 204, 206 [1st Dept 2010]).
We note that, in their reply brief, plaintiffs abandoned their appeal of the dismissal of their cause of action for negligent hiring, retention, training, and supervision.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 31, 2023