**Olivo v Hillstone Rest. Group, Inc.**

2024 NY Slip Op 30367(U)

February 2, 2024

Supreme Court, New York County

Docket Number: Index No. 154448/2018

Judge: Eric Schumacher

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ERIC SCHUMACHER                PART    23M

                                        *Justice*

---------------------------------------------------------------X

FRANK MICHAEL OLIVO,

                    Plaintiff,

        - v -

HILLSTONE RESTAURANT GROUP, INC.
a/k/a HILLSTONE'S RESTAURANT,

             Defendant.

---------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154448/2018 |
| MOTION DATE | 10/13/2021 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

**NYSCEF doc nos. 14-38 were read on this motion for summary judgment.**

Motion by defendant Hillstone Restaurant Group, Inc. a/k/a Hillstone's Restaurant pursuant to CPLR 3212 for summary judgment dismissing the complaint denied.

## BACKGROUND

Plaintiff commenced this action on May 11, 2018, seeking to recover damages for personal injuries he allegedly sustained after falling on stairs at Hillstone's Restaurant (hereinafter Hillstone) located in Manhattan, New York.

According to plaintiff's testimony, plaintiff and his wife had met their adult children for a dinner reservation at Hillstone on Friday, February 9, 2018, at about 8:00 p.m. Plaintiff alleges that, as he was making his way to the hostess stand to notify the hostess that his party was ready to be seated, he was injured after falling on the two stairs inside the restaurant that separate the entry waiting area from the dining room. Plaintiff testified that Hillstone was "dark and the area of the floor and drop-off [were] not distinguishable" (NYSCEF doc no. 17 [Plaintiff EBT] at 20). Plaintiff further testified that, as he was walking toward the hostess stand, approximately 20 feet from where plaintiff was waiting with his family, he observed that the "[hostess stand] was surrounded by people" and "was not passable to the far left . . . so [plaintiff] tried to go around the far right" (id. at 29). Plaintiff further testified that he then "tried to go through [the] people, but . . . there were too many, so [he] tried to go around the end person, and there was a drop-off, and [he] fell" (id. at 30). Plaintiff recalled that he did not see the two-stair riser on his right, as he thought he was walking towards the hostess stand, not the stairs (see id. at 52), and with his right foot, he "stepped into air" and fell onto the floor below (id. at 53).

Plaintiff submits the expert opinion of consulting engineer Anthony Mellusi (hereinafter Mellusi), who conducted a site inspection of Hillstone on December 6, 2019. Mellusi reported that the light levels at foot level in certain spots along the length of the stairs were in violation of NYC Building Code Sec 27-381(A) and found that the handrails as well as the metal nosing on each step did not provide adequate visual cues of the presence of steps. Mellusi also concluded

**154448/2018   OLIVO v HILLSTONE REST. GROUP, INC. a/k/a HILLSTONE'S RESTAURANT**           **Page 1 of 4**
**Motion No.  001**

[* 1]

that plaintiff did not have an adequate visual warning that there were steps curving inward as he walked toward the hostess stand through a Friday night crowd of waiting patrons that blocked the metal nosing and handrails from plaintiff's view (see NYSCEF doc no. 30 [aff of Mellusi]).

Defendant's expert, Douglas W. Peden (hereinafter Peden), also performed a site inspection of Hillstone on December 6, 2019, and disagrees with Mellusi's findings and determinations. Peden ultimately concluded that the lighting, handrails, and nosing are each independently adequate to identify the existence of the stairs, that that the two-stair riser is reasonably conspicuous, and that an approaching pedestrian would have sufficient notice of the two-stair riser. Peden further concluded that there was adequate space at the bottom of the entrance stair to accommodate guests waiting to be seated for dinner and that the layout of the area around the hostess stand did not pose an unreasonable safety concern. (see NYSECF doc no. 23 [aff of Peden).

General Counsel for defendant, W. Glenn Viers, Esq. (hereinafter Viers), states that his review of defendant's records from the time Hillstone opened in 1997 to present reveals that neither the Fire Department of New York (hereinafter FDNY) nor the New York City Department of Buildings (hereinafter the DOB) "has ever issued a building code violation relating to the stairs where [plaintiff] fell" (see NYSCEF doc no. 22 [aff of Viers]).

Executive General Manager Joel Halperin (hereinafter Halperin), employed with Hillstone since 2011, testified that he was not aware of any other falls or accidents on the stairs prior to plaintiff's fall, nor did he have any knowledge of any complaints regarding the stairs during his employment with defendant (see NYSCEF doc no. 18 [aff of Halperin]). Similarly, Erin Giordano (hereinafter Giordano), who was working as a senior greeter at Hillstone the night of the accident and witnessed plaintiff's fall, testified that, in the three years she had worked at Hillstone prior to plaintiff's fall, no one had ever fallen on the stairs, nor was she ever advised of any such accident occurring previously. Giordano further testified that, while she did not recall how many people were around the hostess stand at the time plaintiff fell, she did recall that Friday nights at Hillstone are busy (see NYSCEF doc no. 19 [aff of Giordano]).

Defendant now moves pursuant to CPLR 3212 for summary judgment dismissing the complaint, arguing that the two-stair riser was not defective as a matter of law and contending that it owed no duty to plaintiff as it did not create or have actual or constructive notice of a defective condition.

## DISCUSSION

"To obtain summary judgment it is necessary that the movant establish his cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in his favor, and he must do so by tender of evidentiary proof in admissible form" (Zuckerman v City of New York, 49 NY2d 557, 562 [1980] [internal quotation marks and citation omitted]). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). "Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing

papers" (id.). "On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]). In the presence of a genuine issue of material fact, a motion for summary judgment must be denied (see Rotuba Extruders v Ceppos, 46 NY2d 223, 231 [1978]; Grossman v Amalgamated Hous. Corp., 298 AD2d 224, 226 [1st Dept 2002]).

Property owners and licensed occupiers owe "a duty to exercise reasonable care in maintaining their [premises] in a reasonably safe condition under the circumstances" (see generally Powers v 31 E 31 LLC, 24 NY3d 84, 94 [2014] [internal citations and quotations omitted]). This duty requires that patrons be warned of "latent hazard[s]" on the premises but not "open and obvious" dangers (see Tagle v Jakob, 97 NY2d 165, 169 [2001]) that "can readily be observed by those employing the reasonable use of their senses" (see Voss v City of NY, 213 AD3d 477, 477 [1st Dept 2023] [internal quotation marks and citations omitted]). Therefore, a court may grant summary judgment on the ground that an alleged condition was both open and obvious, and as a matter of law, not inherently dangerous (see Broodie v Gibco Enters., Ltd., 67 AD3d 418, 418 [1st Dept 2009]). "However, a step may be dangerous where the conditions create optical confusion - the illusion of a flat surface, visually obscuring the step" (Langer v 116 Lexington Ave., Inc., 92 AD3d 597, 599 [1st Dept 2012] [internal citations and quotations omitted]).

Here, defendant has failed to meet its prima facie burden of establishing a lack of dispute of material facts as to whether crowding at Hillstone caused the stairs to be in a dangerous or defective condition and whether defendant violated any duty it owed to plaintiff in relation to the stairs. While evidence has been presented that plaintiff was looking straight ahead at the time of his fall, this alone does not support defendant's request for summary judgment within the facts of this case. "Whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, [as a] condition that is ordinarily apparent to a person making reasonable use of his senses may be rendered a trap for the unwary where the condition is obscured by crowds or the plaintiff's attention is otherwise distracted" (Mauriello v Port Auth. of N.Y. & N.J., 8 AD3d 200, 200 [1st Dept 2004] [internal citations omitted]).

Defendant argues that plaintiff's theory that crowding caused the stairs to become a hazard is prohibited, as plaintiff failed to raise that theory in any prior pleadings, and introducing a new theory of the case is not appropriate or admissible in an opposition to a motion for summary judgment (see Keilany B. v City of New York, 122 AD3d 424, 425 [1st Dept 2014]). While the "[c]ourt may search the record to find an issue of fact to preclude summary judgment, [it] cannot search the record to support a new theory of recovery that was never remotely put forth by the plaintiff" (Biondi v Behrman, 149 AD3d 562, 564 [1st Dept 2017]). While the First Department found that the new theory posited by the plaintiff in Biondi was "never mentioned in the pleadings or at depositions" and was "not related to the claims in the pleadings" (see id. at 564), the instant matter is distinguishable from the facts of Biondi.

Here, plaintiff testified in detail at his deposition that crowding around the hostess stand contributed to his fall. Similarly, Giordano testified that Friday nights at Hillstone are busy and that she could not recall how many people were in front of the hostess stand at the time plaintiff fell. This testimony was elicited more than two years before defendant filed this motion. Further,

[* 3]

plaintiff's bill of particulars, verified on September 26, 2018, asserts, among other things, that defendant failed to maintain the stairs in a safe condition, in that defendant failed to provide safe passage for the public, endangered the safety of the public entering the restaurant, failed to properly supervise, and failed to exercise due care.

When viewed in the light most favorable to the non-moving party, the court finds defendant's argument unavailing that plaintiff has asserted crowding as a new theory. Defendant had ample opportunity to explore plaintiff's theory of crowding during the course of discovery and given that defendant cites to plaintiff's testimony regarding crowding in their moving papers and specifically had their expert include findings related to the same, defendant cannot now claim that crowding is a new theory that defendant would be prejudiced or surprised by, but a related claim about which defendant was on notice. As such, whether the stairs constituted a hazard because of crowding and whether defendant violated any duty it owed to plaintiff in relation to such crowding of the stairs are issues of fact to be determined at trial.

## CONCLUSION

Accordingly, it is

ORDERED that the motion by defendant Hillstone Restaurant Group, Inc. a/k/a Hillstone's Restaurant pursuant to CPLR 3212 for summary judgment dismissing the complaint is denied; and it is further

ORDERED that, within five days of entry, plaintiff shall serve a copy of this order with notice of entry on defendant.

The foregoing constitutes the decision and order of the court.

| 2/2/2024 | | | | | |
|----------|---|---|---|---|---|
| **DATE** | | | | **ERIC SCHUMACHER, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | | X NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154448/2018  OLIVO v HILLSTONE REST. GROUP, INC. a/k/a HILLSTONE'S RESTAURANT**   Page 4 of 4
**Motion No.  001**