■ KHALED ABDELNABI, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [709 NYS2d 548] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered June 17, 1999, which denied plaintiff's motion to serve an amended bill of particulars to include updated physical injuries and a new claim for lost earnings, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted.

Plaintiff suffered severe head and back injuries, including a fractured skull which left him in a coma for five days, as a result of a collision with a city bus and another car. On February 9, 1999, after having previously served defendants with an amended bill of particulars alleging new theories of liability, and a supplemental bill of particulars updating the extent of his injuries, plaintiff served what he deemed a "second further supplemental" bill of particulars. This document alleged further injury and it presented a new source of lost wages. Plaintiff asserted that he had planned to resume his prior career as an accountant, and approximated his projected future lost earnings at $4,097,190.* Defendants rejected service, and on March 11, 1999, plaintiff made the motion for leave to amend the bill of particulars. The court denied the motion, concluding that because it was made five years after the accident the defendants had been prejudiced. This was an improvident exercise of discretion.

---

* Plaintiff's original bill of particulars alleged that plaintiff was employed as a bicycle deliveryman earning $400 per week and had lost earnings as of that date in the sum of $13,600.

CPLR 3025 (b) provides that leave to amend a pleading shall be freely given, upon such terms as may be just. " 'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine' [citation omitted]." (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959.) "Prejudice * * * is not found in the mere exposure of the defendant to greater liability. Instead, there must be some indication that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position" (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23).

Defendants do not allege any prejudice due to untimely notice of the aggravation of plaintiff's injuries, and late notice should be permitted to reflect the current state of his physical condition. However, defendants should be given the opportunity to have their own doctors conduct an independent physical evaluation.

Although plaintiff's amended claim for lost earnings as an accountant should have been asserted earlier, there is no showing that defendants were prejudiced by the delay. Defendants had notice of this employment as early as 1996, when plaintiff testified at his deposition that he had worked as an accountant for the Egyptian government. To the extent that plaintiff had intended to return to this field, on October 30, 1998, plaintiff served defendants with an expert exchange, specifically advising defendants that Ms. Robyn David-Harris would testify that plaintiff had a bachelor's degree in accounting and a work history which included "Accountant for Egyptian IRS," and that he sustained projected lost wages arising from the accident which, based upon his pre-injury earning capacity as an accountant, had a future value of $4,097,190 (*see, Sahdala v New York City Health & Hosps. Corp.*, 251 AD2d 70). However, as with plaintiff's claims of additional injury, defendants should be afforded the opportunity to conduct further discovery concerning plaintiff's accounting position. Concur—Mazzarelli, J. P., Ellerin, Lerner, Rubin and Andrias, JJ.