■ ADRIANA VALDES, Appellant, v MARBROSE REALTY, INC., et al., Respondents. (And a Third-Party Action.) [734 NYS2d 24] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered October 18, 2000, which denied plaintiff's motion to amend her complaint pursuant to CPLR 3025 (b) to include a claim based on Administrative Code of the City of New York § 27-809, unanimously reversed, on the law, without costs, and the motion granted.

The elderly plaintiff allegedly burned her head when, upon passing out, she came in contact with a heat riser in her bathroom. She sued several parties in common-law negligence by action commenced July 16, 1998, but initially did not include in her complaint claims arising from alleged violations of any statute, code, rule or ordinance. Despite discovery going forward, she failed to respond to defendants' demands that she provide any information that might give rise to such claims. Plaintiff's counsel at some point indicated an intent to amend the complaint to include statutory claims, and formally moved to do so in May 2000. The proposed amendment asserted claims principally arising out of Administrative Code of the City of New York § 27-809, which requires insulation of steam or hot water piping that exceeds 165 degrees Fahrenheit in order to reduce the surface temperature. Among the factors to be explored were whether the age of the building precluded application of this particular section of the Administrative Code, whether plaintiff had previously complained that the pipe in issue was too hot, and whether recent plumbing work should have, but did not, replace the pipe and as such was responsible for the injury. The motion was denied, notwithstanding that it

was not untimely, on the basis that defendants, who had already conducted depositions, and who had been denied such information by plaintiff, would thereby be prejudiced.

Leave to amend is freely given absent prejudice or surprise resulting from the delay (CPLR 3025 [b]). Prejudice arises when a party incurs a change in position or is hindered in the preparation of its case or has been prevented from taking some measure in support of its position, and these problems might have been avoided had the original pleading contained the proposed amendment (*Whalen v Kawasaki Motors Corp.*, 92 NY2d 288, 293; *Abdelnabi v New York City Tr. Auth.*, 273 AD2d 114, 115; *cf., Cseh v New York City Tr. Auth.*, 240 AD2d 270, 271 [10-year delay prejudicial]). The depositions of the parties as conducted, notwithstanding the noninclusion of the statutory claim in the complaint and plaintiff's unresponsiveness to defendants' demand for production of information regarding potential statutory claims, nevertheless demonstrated plaintiff's likely pursuit of a statutory theory, undermining the validity of any claim of surprise when the amendment was sought. Defendants' own witnesses at depositions also indicated that they recalled, or had or could access records regarding, relevant repair work on the building, so that the defendants cannot validly claim an inability to explore the applicability of the Code section or related theories to these injuries. The merits of the proposed claims are similarly established in the deposition testimony. However, defendants should have the opportunity to conduct additional discovery regarding the amended claim, if necessary (*Abdelnabi, supra*).

Accordingly, we reverse and grant the motion to amend the complaint. Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Rubin, JJ.