OPINION OF THE COURT
Per Curiam.
Order dated July 3, 2003 modified to sever tenant’s fifth counterclaim and to remand it to Civil Court for further proceedings, and to deny as moot that part of tenant’s motion seeking leave to conduct discovery in connection with the counterclaim; as modified, order affirmed, without costs.
The court’s discretionary grant of the tenant’s motion to amend her initial, pro se answer to include a counterclaim based upon the landlord’s alleged violation of federal lead paint disclosure requirements (see 42 USC § 4851 et seq.; 24 CFR part 35) was consistent with the general rule favoring amendments of pleadings in the absence of prejudice or surprise (see CPLR 3025 [b]; Valdes v Marbrose Realty, 289 AD2d 28, 29 [2001]) and, indeed, is not directly challenged by landlord on appeal. We conclude, however, that tenant’s counterclaim is more appropriately resolved in a plenary action, since the main thrust of the counterclaim—that the landlord, prior to the inception of the tenancy, violated its statutory duty to disclose the presence of lead-based paint in the apartment (see 42 USC § 4852d [a] [1])—is not inextricably related to the central issues presented in the underlying nonpayment summary proceeding (see Amdar Co. v Hahalis, 145 Misc 2d 987 [1990]), and since the adjudication of the counterclaim may well entail considerable disclosure and attendant delay. “[T]he courts are not disposed to entertain *96 a counterclaim [in an RPAPL art 7 summary proceeding] unless it has a direct relationship to the question of whether the landlord is entitled to possession, i.e., where, though labeled a ‘counterclaim’, it amounts at least in part to a defense.” (Siegel, NY Prac § 576, at 996 [4th ed].) The tenant’s contention that landlord failed to remediate a known lead paint condition in the apartment—an allegation separately raised by way of the tenant’s extant warranty of habitability counterclaim—undeniably has a direct bearing on the landlord’s possessory cause of action. The same cannot be said, however, with respect to tenant’s statutory fraud claim stemming from the landlord’s alleged violation of the cited federal regulations, a claim whose elements include the landlord’s preleasehold knowledge of a lead-based paint hazard, scienter, and (potentially substantial) damages proximately caused by the landlord’s failure to disclose, plainly not the usual fare of a summary eviction proceeding. Although landlord did not file a formal motion to sever the challenged counterclaim, we find it appropriate to grant severance relief in the interests of judicial economy and in the absence of any claim by tenant that her ability to meaningfully address the issue, either below or on appeal, has been compromised.
To the extent that landlord now seems to argue that federal courts have exclusive jurisdiction over the statutory issues framed by the disputed counterclaim, the argument is lacking in merit. Contrary to landlord’s apparent contention, the damages available under the federal statutory scheme are not in the nature of a civil penalty and, thus, the terms of 28 USC § 1355, which provide for exclusive federal jurisdiction over claims involving civil penalties, are inapplicable (see generally Sipe v Amerada Hess Corp., 689 F2d 396, 406 [1982]; Hales v WinnDixie Stores, Inc., 500 F2d 836, 839-840 [1974]).
Suarez, PJ., Gajstgel-Jacob and Schoenfeld, JJ., concur.