■ HARVEY S. SHIPLEY MILLER, as Trustee of the Trust Known as JUDITH ROTHSCHILD FOUNDATION, Appellant, v TODD COHEN et al., Defendants, and MARTIN COHEN et al., Respondents. [939 NYS2d 424]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered March 31, 2011, which granted the motion of defendants Martin Cohen, CJR Associates LP, Marc Lowenberg, Lowenberg Family Limited Partnership, Lowenberg II Family Limited Partnership and Lowenberg III Family Limited Partnership for summary judgment dismissing the third cause of action to pierce the corporate veil of Icon Group LLC, and which denied plaintiff's cross motion for leave to amend the complaint to add a fraudulent conveyance claim, unanimously reversed, on the law, the third cause of action reinstated, and leave to amend the complaint granted, with costs.

Movants failed to sustain their burden of demonstrating that

Icon Group, against which plaintiff obtained a judgment in a prior action, was not their alter ego, that the corporate formalities were observed, and that they were solely investors in projects developed by Icon Group. Icon Group's principals testified that it did not have an independent source of funds and that its investment decisions were dependent on funding from movants. Thus, Icon Group did not have business discretion to enter into contracts, absent movants' assent, and it was not treated as an independent profit center (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). There was also evidence that Icon group paid some of movants' personal expenses. Moreover, plaintiff contends that he did not have adequate discovery, and the testimony of Icon Group's principals in the prior action was evasive and nonresponsive. Movants failed to sustain their burden of demonstrating the absence of a triable issue of fact on this cause of action.

The court also improperly denied plaintiff's cross motion for leave to amend the complaint to assert fraudulent conveyance claims. On a motion for leave to amend a pleading, movant need not establish the merit of the proposed new allegations, but must "simply show that the proffered amendment is not palpably insufficient or clearly devoid of merit" (*see MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 500 [2010]). Here, the court prematurely reached the merits of the proposed amendment, which was adequately pleaded and not clearly devoid of merit. Concur—Tom, J.P., Acosta, DeGrasse and Román, JJ. **[Prior Case History: 2011 NY Slip Op 30751(U).]**