Kim v White & Case LLP (2023 NY Slip Op 02282)

Kim v White & Case LLP

2023 NY Slip Op 02282

Decided on May 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2023

Before: Kern, J.P., Oing, Kennedy, Shulman, Higgitt, JJ. 

Index No. 154446/20 Appeal No. 161-162 Case No. 2022-02730, 2022-02731 

[*1]Hannah Kim, Plaintiff-Respondent,
v
White & Case LLP, et al., Defendants-Appellants. 

White & Case LLP, New York (Colin West of counsel), for appellants.
Virginia & Ambinder, LLP, New York (Kara S. Miller of counsel), for respondent.

Order, Supreme Court, New York County (Alexander Tisch, J.), entered May 20, 2022, which, to the extent appealed from, granted plaintiff's motion to quash defendants' subpoena served upon nonparty American Express and for a protective order, unanimously reversed, on the law, without costs, and the motion denied. Order, same court and Justice, entered May 20, 2022, which, to the extent appealed from, denied defendants' motion for leave to amend their answer to assert additional affirmative defenses and counterclaims, unanimously reversed, on the law, without costs, and the motion granted.
The court should not have denied defendants' motion for leave to amend their answer to assert additional affirmative defenses and counterclaims, based on newly discovered evidence, as the motion was made before the note of issue was filed and plaintiff failed to demonstrate that she would be prejudiced by the amendments (see Johnson v Montefiore Med. Ctr., 203 AD3d 462, 463 [1st Dept 2022]; Cherebin v Empress Ambulance Serv., Inc., 43 AD3d 364, 365 [1st Dept 2007]). Plaintiff's purported need to develop a new litigation strategy and engage in further discovery was insufficient to justify denial of leave of amend (see Jacobson v McNeil Consumer & Specialty Pharms., 68 AD3d 652, 654-655 [1st Dept 2009]). Moreover, the proposed counterclaims and affirmative defenses were adequately pleaded and not palpably insufficient or devoid of merit (see Goodwin v Empire City Subway Co., Ltd., 124 AD3d 559, 559-660 [1st Dept 2015]; Miller v Cohen, 93 AD3d 424, 425 [1st Dept 2012]).
Because the subpoena documents were relevant and material to defendants' proposed counterclaims and affirmative defenses, plaintiff's motion to quash the subpoena served upon American Express should have been denied (see Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 112 [1st Dept 2006]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2023