| |
|---|
| **Benhar v 5 Star Legal Funding, LLC** |
| 2024 NY Slip Op 31915(U) |
| June 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 657390/2020 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

---------------------------------------------------------------------------------X

MARK BENHAR, MITCHELL HOROWITZ, ALAN PERL,
IRENE PERL, ALAN SEFF, KAREN RUBIN, RICHARD
BODIAN, FIVE STAR LEGAL ADVANCES FUND IV, L.P.,

|  |  |
|---|---|
| **INDEX NO.** | 657390/2020 |
| **MOTION DATE** | 07/31/2023 |
| **MOTION SEQ. NO.** | 003 |

Plaintiffs,

- v -

5 STAR LEGAL FUNDING, LLC, 5 STAR LEGAL
FUNDING III GP, LLC, 5 STAR LEGAL FUNDING IV GP,
LLC, ROBERT GENTILI, JAY KOBAK, CHRISTOPHER
MOLLICA, JASON MILLER, FIVE STAR LEGAL
ADVANCES FUND III, L.P., FIVE STAR LEGAL
ADVANCES FUND IV, L.P.

**DECISION + ORDER ON
MOTION**

Defendants.

---------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 82

were read on this motion to _____ AMEND PLEADINGS _____.

Plaintiffs Mark Benhar, Mitchell Horowitz, Alan Perl, Irene Perl, Allan Seff, Karen

Rubin, as Co-Executor of the Estate of Joan Seff, and Richard Bodian, individually, and

derivatively on behalf of Five Star Legal Advances Fund III, L.P. ("Fund III") and Five Star

Legal Advances Fund IV, L.P. ("Fund IV") (collectively referred to as "Plaintiffs") move for

leave to file a second amended complaint (NYSCEF 62 [Proposed Second Amended Complaint

("PSCA")]).  For the following reasons, Plaintiffs' motion is granted.

As relevant here, in December 2020, Plaintiffs filed their original Complaint against

Defendants asserting claims for Breach of Contract, Breach of the Implied Covenant of Good

Faith and Fair Dealing, Breach of Fiduciary Duty, Breach of the Duty of Loyalty, Fraudulent

Conveyance, Conversion, Inspection of Books and Records, Corporate Waste and

Mismanagement, Constructive Trust, Appointment of a Receiver, and Civil RICO. Plaintiffs, who invested in certain litigation funds and advances as limited partners, alleged that Defendants have engaged in a pattern and practice of mismanagement, misuse, misappropriation, and diversion of those funds.

Defendants moved to dismiss the Complaint, and in response Plaintiffs filed their Amended Complaint on February 22, 2021 (NYSCEF 20). Defendants elected to proceed with their motion to dismiss based on their original memorandum of law, and after supplemental briefing, oral argument was held on December 24, 2021. The Court granted in part and denied in part the motion, noting that "there may be viable claims" in the Complaint but that it could not ascertain the same "because of lack of information." (NYSCEF 41 at 28; NYSCEF 38). As a result, the Court permitted the breach of contract claim to move forward, and directed Plaintiffs to proceed with discovery and "request the information that is relevant to [that] claim, and I suspect that that information is requesting to roll into amending your complaint, and which I'll give leave to do." (*id.* at 29).

After a stay of this action following the death of two named plaintiffs,[1] on July 19, 2022, Defendants filed their Answer to Plaintiffs' First Amended Complaint. The parties thereafter engaged in discovery and Plaintiffs now move for leave to file the Second Amended Complaint.

CPLR 3025(b) provides that "[a] party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of

---

[1] On January 5, 2022, the Parties informed the Court via joint letter that two of the named Plaintiffs, Joseph Perl and Joan Seff, had passed away (NYSCEF 42). The Court thus stayed this action until the personal representative for those plaintiffs' estates could be appointed or a proper substitution could be made (NYSCEF 43). By Decision and Order dated June 2, 2022, this Court granted Plaintiffs' motion to vacate the stay (NYSCEF 50).

court . . . ." "Motions for leave to amend should be freely granted, absent prejudice or surprise . . . unless the proposed amendment is palpably insufficient or patently devoid of merit" (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 499 [1st Dept 2010]). Courts have held that prejudice "arises when a party incurs a change in position or is hindered in the preparation of its case or has been prevented from taking some measure in support of its position" (*Valdes v Marbrose Realty*, 289 AD2d 28, 29 [1st Dept 2001]; *Anoun v City of New York*, 85 AD3d 694, 694 [1st Dept 2011]). A party opposing leave to amend "must overcome a heavy presumption of validity in favor of [permitting amendment]." (*CIFG Assur. N. Am., Inc. v J.P. Morgan Sec. LLC*, 146 AD3d 60, 65 [1st Dept 2010]).

Here, Plaintiffs argue that their proposed amendments arise, at least in part, from documents produced by Defendants pursuant to Court order. Plaintiffs added allegations to their claims for breach of contract, breach of the implied covenant, breach of fiduciary duty, breach of loyalty, corporate waste and mismanagement, and constructive trust.[2] Defendants' arguments as to the merits of the proposed claims – as to which the Court expresses no view at this time – do not warrant denial of the motion to amend, and there is no assertion of prejudice.

Accordingly, it is

**ORDERED** that the motion by Plaintiffs for leave to file the proposed Second Amended Complaint is **GRANTED**; it is further

**ORDERED** that Plaintiffs shall file the proposed Second Amended Complaint on NYSCEF within 5 business days of the date of this Order; it is further

---

[2] Plaintiff has removed its Civil RICO claim and Inspection of Books and Records claim.

657390/2020   BENHAR, MARK vs. 5 STAR LEGAL FUNDING, LLC
Page 3 of 4
Motion No.  003

**ORDERED** that Defendants shall serve an answer or otherwise respond to the Second Amended Complaint within 20 days from the date of filing; it is further

**ORDERED** that the parties are directed to contact the General Clerk's Office (Room 119) in order to have this case restored as active; and it is further

**ORDERED** that the parties meet and confer and submit a revised discovery schedule to the Court within 20 days following the filing of the Answer.

This constitutes the decision and order of the Court.

20240603123322JMC0HENB99A7391319D451DA20FB9DE66995D28

| 6/3/2024 | | JOEL M. COHEN, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |