| **De Sa Earp v Reeder** |
| :---: |
| 2024 NY Slip Op 32430(U) |
| July 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 162018/2019 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JUDY H. KIM**                                    PART                        04

                                                                   *Justice*

----------------------------------------------------------------X

PEDRO ENRIQUE DE SA EARP,                                    INDEX NO.          162018/2019

                                    Plaintiff,               MOTION DATE        03/06/2024

                  - v -                                      MOTION SEQ. NO.        001

ADAM REEDER, DEANNIE REEDER,                                 **DECISION + ORDER ON**
                                                                 **MOTION**
                                    Defendants.

----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23

were read on this motion to                      AMEND CAPTION/PLEADINGS          .

Upon the foregoing documents, plaintiff's motion to amend his complaint is granted.

Plaintiff commenced this action on December 12, 2019, alleging that he is the owner of condominium unit 17PHA in the building located at 404 Park Avenue South, New York, New York, also known as the Huys Condominium (the "Condominium") and rented this apartment to defendants pursuant to a Lease of Condominium Unit dated July 18, 2015 (the "Lease") (NYSCEF Doc. No. 1 [Compl. at ¶¶1-6]). Plaintiff further alleged that defendants have breached the Lease by failing to pay rent required from August 15, 2019 through December 14, 2019 and refusing to grant access to plaintiff, the Condominium, and the Condominium's Board of Managers (the "Board") to perform work in the apartment (Id. at ¶¶38-40]).

Defendants interposed an answer on January 22, 2020, alleging that plaintiff failed to correct dangerous conditions in the apartment including mold, water and gas leaks, and defective flooring and asserted counterclaims for breach of the warranty of habitability as well as actual and constructive eviction (NYSCEF Doc. No. 5 [Answer at ¶¶25-40]).

[* 1]

On March 6, 2024, plaintiff filed the instant motion seeking leave to amend his complaint to assert claim for indemnification and contribution against the Board for any judgment recovered by defendants on their counterclaims and, as pertinent here, extending the period in which defendants had failed to pay rent from August 15, 2019 through August 14, 2020 (as opposed to August 15, 2019 through December 14, 2019) (NYSCEF Doc. No. 15 [Proposed Amended Complaint]).

In opposition, defendants argue that plaintiff motion must be denied because plaintiff has not presented a reasonable excuse for his lengthy delay in making the instant motion. Defendants also assert that they would be prejudiced by the amendment because they understood plaintiff's failure to reply to their counterclaims as a concession as to the validity of those counterclaims, whereas the amended complaint indicates that plaintiff is seeking rental arrears for the period in which defendants contend they were constructively evicted.

## DISCUSSION

"Leave to amend pleadings under CPLR 3025(b) should be freely given and denied only if there is prejudice or surprise resulting directly from the delay or if the proposed amendment is palpably improper or insufficient as a matter of law" (McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012] [internal citations and quotations omitted]). The amendment sought is neither palpably improper nor insufficient as a matter of law and plaintiff's motion is therefore granted.

Contrary to defendant's claim, "[m]ere lateness [in moving for leave to amend] is not a barrier to the amendment" (Abdelnabi v New York City Tr. Auth., 273 AD2d 114, 115 [1st Dept 2000] [internal citations and quotations omitted]). Rather, "[i]t must be lateness coupled with significant prejudice to the other side" (Id.) and defendant has not established that they would be prejudiced by the proposed amendment. The amended complaint's extension of the period in

**162018/2019   PEDRO ENRIQUE DE SA EARP vs. REEDER, ADAM**
  **Motion No.  001**

**Page 2 of 4**

2 of 4

which plaintiff seeks unpaid rent is based upon the same facts as the breach of contract cause of action in the original complaint and "[p]rejudice ... is not found in the mere exposure of the defendant to greater liability. Instead, there must be some indication that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position" (See Abdelnabi v New York City Tr. Auth., 273 AD2d 114, 114-15 [1st Dept 2000]), neither of which has been established here.

The Court does, however, credit defendants' concern that permitting plaintiff to amend his complaint at this juncture "would, in effect, relieve plaintiff from any default in replying to the … counterclaim[s] in [their] answer" (Marshall Bros., Inc. v Economic Paving Co., Inc., 175 AD2d 611 [4th Dept 1991]). Accordingly, plaintiff's motion is granted subject to the condition that, should defendants reassert these counterclaims in their answer to the amended complaint, plaintiff shall not be permitted to reply to same unless he moves for, and is granted, leave to serve a late reply to these counterclaims (Id.).

Accordingly, it is

**ORDERED** that plaintiff's motion for leave to amend the complaint is granted; and it is further

**ORDERED** that the plaintiff shall serve a supplemental summons and amended complaint upon Adam Reeder, Deannie Reeder, and the Board of Managers of the Huys Condominium, in accordance with the CPLR, within twenty days from the date of this order; and it is further

**ORDERED** that counsel for plaintiff shall serve a copy of this decision and order with notice of entry upon defendants, the County Clerk (60 Centre Street, Room 141B), and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**162018/2019   PEDRO ENRIQUE DE SA EARP vs. REEDER, ADAM**
 **Motion No. 001**

**Page 3 of 4**

[* 3]

**ORDERED** that upon plaintiff's filing of proof of service of the supplemental summonses and amended complaint on defendants with the Clerk of the Court, the Clerk is directed to mark the court's records to reflect the amended caption, as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------------------X
PEDRO ENRIQUE DE SA EARP,

                        Plaintiff,                      Index No. 162018/2019

        -against-

ADAM REEDER, DEANNIE REEDER, and
THE BOARD OF MANAGERS OF THE HUYS CONDOMINIUM,

                     Defendants**.**
------------------------------------------------------------------------------------X

and it is further

**ORDERED** that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address ([www.nycourts.gov/supctmanh](www.nycourts.gov/supctmanh)); and it is further

**ORDERED** that the parties are to appear for a status conference in Part 4 (80 Centre Street, room 308) on October 4, 2024 at 10:00 am.

This constitutes the decision and order of the court.

| 7/15/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **HON. JUDY H. KIM, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**162018/2019   PEDRO ENRIQUE DE SA EARP vs. REEDER, ADAM**
**Motion No.  001**

**Page 4 of 4**

4 of 4

[* 4]