Lazar v Mor (2025 NY Slip Op 00630)

Lazar v Mor

2025 NY Slip Op 00630

Decided on February 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 04, 2025

Before: Friedman, J.P., Gesmer, Gonzalez, Scarpulla, Pitt-Burke, JJ. 

Index No. 654538/19 Appeal No. 3625 Case No. 2024-00780 

[*1]Gabriel Lazar et al., Plaintiffs-Respondents,
v
Arik Mor et al., Defendants-Appellants.

Levy Goldenberg LLP, New York (Andrew R. Goldenberg of counsel) for appellants.
Kranjac Tripodi & Partners LLP, New York (Joseph Tripodi of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered January 12, 2024, which granted plaintiffs' motion for leave to file a second amended complaint asserting new breach of contract causes of action, unanimously affirmed, with costs.
Plaintiffs Gabriel Lazar and Joel Scheinbaum and defendants Arik Mor and Uriel Zichron serve as the co-managing members of plaintiffs Attena LLC, Hemera LLC, and Nessa LLC (together, the LLCs). The LLCs were formed to acquire properties in 2012 and 2013 (the Properties). The Properties were sold in 2015. Plaintiffs alleged that, following the sales, defendants took control of the proceeds and maintained control over all the LLCs' accounting and tax preparation activities. This action concerns defendants' alleged misrepresentations and misdeeds as to their capital contributions, management of the LLCs, and the postsale distributions they made to themselves.
The court providently exercised its discretion in granting plaintiffs' motion for leave to file a second amended complaint asserting breach of the LLCs' operating agreements claims (CPLR 3025[b]; see generally Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]).
Defendants do not dispute that the alleged breaches (i.e., the postsale distributions) that occurred after July 13, 2016 fall within the applicable limitations period. Defendants argue, however, that the claims pertaining to the distributions prior to July 13, 2016 are untimely. The argument is unavailing, as the relation-back doctrine (CPLR 203[f]) applies to those claims.
The allegations in the amended complaint put defendants on notice of the transactions and occurrences that were the subject of plaintiffs' proposed second amended complaint — that is, defendants' capital contributions and distributions (see O'Halloran v Metropolitan Transp. Auth., 154 AD3d 83, 87 [1st Dept 2017]). Defendants' argument that the relation-back doctrine does not apply because the original and amended complaints did not contain a cause of action for breach of the operating agreements is unavailing. As Supreme Court found, CPLR 203(f) focuses on "transactions" and "occurrences" in the prior pleadings; it does not require an identity of the causes of action alleged.
Defendants' related argument, that the prior order deciding their motion to dismiss is "law of the case" as to the statute of limitations, is also meritless. Indeed, the purpose of the relation-back doctrine is to "enable[] a plaintiff to correct a pleading error — by adding either a new claim or a new party — after the statutory limitations period has expired" (Buran v Coupal, 87 NY2d 173, 177 [1995]).
Defendants' attempt to conflate the new breach of contract claims with the time-barred purchase price fraud claims is also not persuasive. This argument ignores that the new breach of contract claims are based on separate facts that occurred more than four years after the purchase price fraud claims, which this Court previously [*2]found to be untimely (Lazar v Nor, 213 AD3d 491, 492 [1st Dept 2023]). The purchase price fraud claims were based on defendants' alleged misrepresentations surrounding the purchase prices of the properties in 2011. By contrast, the new breach of contract claims are based on the distributions made by defendants beginning in December of 2015 and continuing through June of 2019, which allegedly violated the LLCs' operating agreements.
We have considered defendants' remaining arguments, including that the new breach of contract claims are palpably insufficient and clearly devoid of merit, and find them unavailing (see e.g. Miller v Cohen, 93 AD3d 424, 425 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2025