| **Board of Mgrs. of Del Este Vil. IV Condominium v Epps** |
|:---:|
| 2025 NY Slip Op 34388(U) |
| November 17, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150073/2023 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. JAMES G. CLYNES                    PART                39M
                                         *Justice*

------------------------------------------------------------------X

THE BOARD OF MANAGERS OF DEL ESTE VILLAGE IV
CONDOMINIUM,

|  |  |
|---|---|
| INDEX NO. | 150073/2023 |
| MOTION DATE | 10/20/2025 |
| MOTION SEQ. NO. | 001 |

                          Plaintiff,

                - against -

BENJAMIN EPPS, AMY MONROE,

**DECISION + ORDER ON MOTION**

                          Defendant.

------------------------------------------------------------------X

BENJAMIN EPPS, AMY MONROE

                                                        Third-Party
                                                 Index No.  595446/2023

                          Plaintiff,

                -against-

MILLIE FALCARO

                          Defendant.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 20, 21, 22, 23 were read on this motion to/for                    AMEND CAPTION/PLEADINGS                    .

Upon the foregoing documents, it is ordered that the motion by defendants/third-party plaintiffs pursuant to CPLR 1015 (a) for an Order substituting "Ben E. Epps, as Executor of the Estate of Amy Monroe" as a party defendant and a third-party plaintiff in the above-captioned action in place and stead of "Amy Monroe," now deceased and amending the caption of this action and the third-party action and all pleadings accordingly, and for such other relief as the court deems just and proper is granted without opposition to the extent set forth below.

CPLR 1015 (a) provides that upon the death of a party the court shall order substitution of a proper party. CPLR 1021 provides in relevant part that a motion for substitution may be made by any party to the action, and that such a motion must be made "within a reasonable

150073/2023   THE BOARD OF MANAGERS OF DEL ESTE VILLAGE IV CONDOMINIUM vs. EPPS,          Page 1 of 4
BENJAMIN ET AL
Motion No.  001

1 of 4

time." The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether it has been shown that the action or defense has potential merit (*see Hemmings v Rolling Frito–Lay Sales*, LP, 220 AD3d at 754, 757 [2 Dept 2023]). The Court may grant the motion for substitution if there is no showing of prejudice and there is potential merit to the action or defense, in light of the strong public policy in favor of disposing of matters on the merits (*Id* at 757).

CPLR 3025 (b) provides that "[a] party may amend his pleading or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties." Leave to amend pleadings is generally freely granted, absent prejudice and surprise resulting from the delay (*See Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]); *Antwerpse Diamantbank N.V. v Nissel*, 27 AD3d 207, 208 (1st Dept 2006). To find prejudice, there must be some indication that the defendant has been hindered in the preparation of his case or prevented from taking some measure in support of his position. *See Abdelnabi v NYC Transit Authority*, 273 AD2d 114, 115 (1st Dep't 2000).

Here, defendants/third-party plaintiffs seek to substitute the "Ben E. Epps, as Executor of the Estate of Amy Monroe" as a party defendant/third-party plaintiff in this action, in the place and stead of Amy Monroe, the deceased defendant/third-party plaintiff, and to amend the pleadings and caption to reflect the substitution. There is no opposition to the motion seeking. The motion is granted without opposition. Accordingly, it is hereby

ORDERED that the motion to substitute is granted without opposition to the extent that "Ben E. Epps, as Executor of the Estate of Amy Monroe" is substituted as a party

150073/2023   THE BOARD OF MANAGERS OF DEL ESTE VILLAGE IV CONDOMINIUM vs. EPPS,        Page 2 of 4
BENJAMIN ET AL
Motion No.  001

2 of 4

defendant/third-party plaintiff in this action, in the place and stead of Amy Monroe, the deceased defendant/third-party plaintiff; and it is further

ORDERED that the automatic stay imposed in this action upon the death of Amy Monrow is hereby lifted and it is further

ORDERED that the action shall bear the following caption:

---

| | |
|---|---|
| THE BOARD OF MANAGERS OF DEL ESTE VILLAGE IV CONDOMINIUM, | Index No.: 150073/2023 |
| Plaintiff, | |
| -against- | |
| BEN E. EPPS, as Executor of the Estate of AMY MONROE, deceased, and BENJAMIN EPPS, | |
| Defendants. | |

---

| | |
|---|---|
| BENJAMIN EPPS and BEN E. EPPS, as Executor to the Estate of AMY MONROE, Deceased, | Third-Party Index Number 59446/2023 |
| Plaintiffs, | |
| -against- | |
| MILLIE FALCARO, | |
| Defendants. | |

---

And it is further

ORDERED that counsel for the moving party within thirty days of the date of entry of this order shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to lift the automatic stay, restore the action to active status, and mark the

**150073/2023   THE BOARD OF MANAGERS OF DEL ESTE VILLAGE IV CONDOMINIUM vs. EPPS,**   **Page 3 of 4**
**BENJAMIN ET AL**
**Motion No.  001**

3 of 4

[* 3]

court's records to reflect the substitution, and amend the caption as reflected herein and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (ww.nycourts.gov/supctmanh).

This constitutes the Decision and Order of the Court.

<u>11/17/2025</u>
**DATE**

JAMES G. CLYNES, J.S.C.

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
| X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**150073/2023 THE BOARD OF MANAGERS OF DEL ESTE VILLAGE IV CONDOMINIUM vs. EPPS, BENJAMIN ET AL**
**Motion No. 001**

Page 4 of 4

4 of 4