Zotpri LLC v Burton (2025 NY Slip Op 51956(U))

[*1]

Zotpri LLC v Burton

2025 NY Slip Op 51956(U)

Decided on December 11, 2025

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 11, 2025
Civil Court of the City of New York, Bronx County

Zotpri LLC, Petitioner (Landlord),

against
Robert Burton, Respondent (Tenant).

Index No. LT-320149-24/BX

Petitioner's Attorneys:
Vadim Goldshteyn, Esq.
STARK LAW PLLC 
1325 Castle Hill Ave, Bronx, NY 10462 
Phone:(718) 792-1200 
E-mail: vadim@starklawpllc.com
Respondent's Attorneys:
Zoe Elena Heard, Esq.
Bronx Legal Services
349 East 149th Street 10th Floor, Bronx, NY 10451 
Phone: (718) 928-3700 
E-mail: zeheard@lsnyc.org

Diane E. Lutwak, J.

Recitation, as required by CPLR Rule 2219(A), of the papers considered in the review of Respondent's Motion by Order to Show Cause to Interpose Amended Answer:
Papers NYSCEF Doc #
Order to Show Cause 12/16
Attorney's Affirmation in Support 13
Respondent's Affirmation in Support 14
Petitioner's Rent Breakdown Filed 7/29/25 17
Adjournment Stipulation Dated 7/29/25 18
Adjournment Stipulation dated 9/25/25 19
Exhibit A (Proposed Amended Answer) 15
Attorney's Affirmation in Opposition 21
Attorney's Affirmation in Reply 22
After argument, upon the foregoing papers and for the reasons stated below, respondent's motion is granted to the extent that the proposed amended answer is deemed duly served and filed, with the laches defense stricken, and this proceeding is restored to the Trial Part T calendar [*2]for a pre-trial conference on February 19, 2026 at 9:30 a.m.
PROCEDURAL HISTORY & FACTUAL BACKGROUND
This is a nonpayment eviction proceeding seeking rent arrears of $13,290.31 comprised of various amounts allegedly due for the months of April 2022 through April 2024. The petition, dated May 30, 2024, states that the premises are subject to Rent Stabilization, and the tenant has a lease with a monthly rent of $914.18. Respondent pro se filed an answer to the petition on July 3, 2024 using the court's standard "Answer in Person" form and raising a "general denial" and defenses arising out of conditions requiring repair and Section 8 subsidy funds. After an initial appearance in an Intake Part on September 27, 2024, the case was transferred to a Resolution Part and adjourned to November 21, 2024. In the Resolution Part the case was adjourned to January 8, 2025 for respondent to seek counsel. Prior to the adjourned date respondent retained counsel and on January 8 the case was adjourned to February 19 by two-attorney stipulation which noted, "Petitioner's counsel to send $0.00 balance breakdown to Respondent's counsel" by January 10, 2025. On February 19 the case was adjourned to April 2 by stipulation which noted, "Pet. to bring updated rent breakdown, including rent owed by month payments received for same month and total balance alleged at the end of each month." On April 2 the case was adjourned to May 28 for pre-trial conference. On May 28 the case was transferred to Trial Part T and adjourned to June 23.
On June 23, 2025, prior to the court appearance, respondent filed a motion by order to show cause (OSC) seeking leave to file an amended answer. The case was adjourned to July 29 and the court signed the OSC, making it returnable on the adjourned date. On July 29 respondent's OSC was adjourned to September 25, for argument or settlement, by stipulation providing that petitioner's opposition was to be filed by the adjourned date and respondent's counsel would review the "updated rent history" that petitioner's counsel had filed that same day. That rent history (NYSCEF Doc # 17) alleges rent arrears of $19,383.41, comprised of various amounts due in and for each month from January 2024 through July 2025. On September 23 the case was adjourned to December 3 by stipulation that extended petitioner's date for filing opposition to November 13, with reply permitted by December 2. On December 3 the now fully-briefed motion was adjourned to December 10 for argument.
Respondent's proposed verified amended answer includes admissions/denials of the statements in the petition and three affirmative defenses: (1) payment; (2) laches; and (3) breach of the warranty of habitability. The proposed amended answer also includes two counterclaims based on breach of the warranty of habitability and a counterclaim for attorneys' fees. Respondent's attorney argues in a supporting affirmation that leave to file an amended answer is warranted under CPLR § 3025(b), which permits such leave to be freely granted where no prejudice is shown. Respondent's attorney asserts that the case was sent out to trial over her objection; respondent should be permitted to file an amended answer to get the full benefit of counsel; and permitting respondent to file an amended answer by counsel will cause no prejudice to petitioner. Respondent in his supporting affirmation states that he has health problems, is disabled and often in the hospital; has dealt with many issues in the apartment over the last fifteen years; and current conditions in the apartment are that "the toilet is broken, the bathtub does not work, the ceiling in the living room and kitchen leaks, and there is falling plaster throughout my apartment."
In opposition, petitioner's attorney argues that respondent's motion is untimely; respondent already raised "apartment conditions" in his original answer; respondent has offered no valid basis for the twelve-month delay in asserting the laches defense; the laches defense lacks merit and was not properly plead; there is prejudice to petitioner, who could have "prepared accordingly" had the defenses been raised earlier; and petitioner may now have to engage in additional motion practice to litigate the defenses which will delay the case unnecessarily.
On reply, respondent's counsel argues that under the circumstances, the delay has not been significant; the issue of laches was discussed in court at the various conferences and petitioner was therefore aware that it would be raised; the petition seeks rent arrears dating back [*3]two years and the laches defense is a direct response to this; the significant delay alone establishes the defense of laches; petitioner has not engaged in any further motion practice or explained what motion practice might be needed if respondent is permitted to amend his answer; petitioner has asserted no prejudice beyond delay.
DISCUSSION
It is well-settled that leave to amend a pleading is freely granted under CPLR R 3025 where "the proposed amendment is not palpably improper or insufficient as a matter of law, and the resulting delay will cause plaintiff no prejudice or surprise." Gibson v Estate of Antiaris (168 AD3d 461, 462-63, 91 NYS3d 399, 400 [1st Dep't 2019]). See also O'Halloran v Metro Transp Auth (154 AD3d 83, 88, 60 NYS3d 128, 133 [1st Dep't 2017]); Mezzacappa Bros, Inc v City of New York (29 AD3d 494, 815 NYY2d 549 [1st Dep't 2006]). As explained by the Court of Appeals, "The decision to allow or disallow the amendment is committed to the court's discretion. 'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine.'" Edenwald Contracting Co v New York (60 NY2d 957, 959, 471 NYS2d 55, 56, 459 NE2d 164, 165 [1983])(quoting Siegel, New York Practice). Prejudice means that a party "incurs a change in position or is hindered in the preparation of its case or has been prevented from taking some measure in support of its position, and these problems might have been avoided had the original pleading contained the proposed amendment." Valdes v Marbrose Realty Inc (289 AD2d 28, 29, 734 NYS2d 24, 25 [1st Dep't 2001]). See also A J Pegno Constr Corp v New York (95 AD2d 655, 656, 463 NYS2d 214, 215 [1st Dep't 1983])(describing the prejudice which must be shown as, "some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add").
Petitioner correctly points out that respondent failed to plead sufficient facts to support his laches defense. See Comm'rs of the State Ins Fund v Ramos (63 AD3d 453, 880 NYS2d 281 [1st Dep't 2009]). Laches is an equitable doctrine based on principles of fairness that applies when "a party's unreasonable and inexcusable delay prejudices an adversary." R.M.H. Estates v Hampshire (13 Misc 3d 1222[A], 831 NYS2d 349 [Civ Ct NY Co 2006]). As explained by the Honorable Gerald Lebovits, "The defense exists because it would be wrong to allow a tenant to be evicted after a landlord waits until the arrears are so high that the tenant can no longer pay them. To establish the affirmative defense of laches in this landlord-tenant proceeding, respondent must show that (1) his conduct gave rise to this nonpayment proceeding; (2) petitioner had the opportunity to bring this proceeding earlier but delayed despite knowing that respondent did not pay rent; (3) he lacked knowledge or notice that petitioner would bring a nonpayment proceeding against him; and (4) he will be prejudiced if petitioner prevails in this proceeding." Id. 
The proposed amended answer highlights the element of delay — pointing out that the petition seeks arrears dating back two years — but says nothing about other required elements of a laches defense: respondent's lack of knowledge or notice that petitioner would pursue a claim against him and prejudice if petitioner prevails in this proceeding. Nor does respondent address his laches defense in his affirmation in support of the motion. In other words, respondent has failed to "simply show that the proffered amendment is not palpably insufficient or clearly devoid of merit." MBIA Ins Corp v Greystone & Co, Inc (74 AD3d 499, 500, 901 NYS2d 522 [1st Dep't 2010])(internal citation omitted); accord, e.g., Miller v Cohen (93 AD3d 424, 425, 939 NYS2d 424 [1st Dep't 2012]). Further, in the reply papers, respondent does not address the rent ledger petitioner filed on July 29, 2025 which, as opposed to the petition, shows arrears dating back only to January 2024, not to April 2022.
As for the affirmative defenses of payment and breach of the warranty of habitability, petitioner cannot claim surprise or prejudice, as the original answer filed by respondent before retaining counsel raised these defenses. Regarding breach of the warranty of habitability, respondent had checked off on the court's form answer: "conditions which the petitioner did [*4]not repair". The proposed amended answer merely elaborates on this defense with additional details and includes counterclaims for an abatement and an order to correct. Petitioner has been on notice since respondent filed his initial answer on July 3, 2024 and has not indicated any change in position or problems that might have been avoided had the original pleading contained the proposed amendments.
Respondent's counsel proffered various reasons for the delay in filing the motion — petitioner's own delay in providing a rent breakdown as promised in the January 8, 2024 adjournment stipulation; respondent's poor health; and the denial of respondent's request in the Resolution Part for an adjournment to file the motion before the case was transferred to a Trial Part. It is disingenuous of petitioner to now voice concern about delay in the progress of this proceeding: it did not file its opposition papers to respondent's motion filed on June 23, 2025 until November 11, 2025. Further, courts have held that to permit the full benefit of legal representation, once counsel has been retained a respondent should be permitted to file an amended answer. See, e.g., 3225 Holdings LLC v Imeraj (65 Misc 3d 1219[A] at fn 5, 119 NYS3d 392 [Civ Ct Bx Co 2019]); W 152 Assocs LP v Gassama (65 Misc 3d 1218[A], 119 NYS3d 392 [Civ Ct NY Co 2019]); 699 Venture Corp v Zuniga (64 Misc 3d 847, 851, 105 NYS3d 806, 809 [Civ Ct Bx Co 2019]); Morris I LLC v Baez (62 Misc 3d 1227[A], 113 NYS3d 833 [Civ Ct Bx Co 2019]); 2401 Davidson Assocs v Rice (2018 NYLJ LEXIS 3839 [Civ Ct Bx Co 2018]).
CONCLUSION
Based on the foregoing, respondent's motion is granted to the extent that it is hereby ORDERED that the proposed amended answer is deemed duly served and filed, except that the affirmative defense of laches is stricken. The case will appear on the Part T calendar for a final pre-trial conference on February 19, 2026 at 9:30 a.m. This constitutes the Decision and Order of the Court, which is being uploaded on NYSCEF.
Dated: December 11, 2025
Bronx, New York
Diane E. Lutwak, HCJ